(17 Misc. Rep. 193)

## In re HAVILAND'S WILL.

### (Surrogate's Court, New York County.  May, 1896.)

WILLS—VALIDITY—OMISSION OF DATE.
   A will is not invalid because the date is left blank, as the statute does
not require the will to be dated.

Proceeding for the probate of the will of John H. Haviland, deceased.

C. Elliot Minor, for proponent.
Clark Bell, for contestant.
Samuel R. Taylor, special guardian.

FITZGERALD, S.   Two wills are presented for probate, one bearing date the 14th of March, 1884, by which the testator leaves everything to his wife, and appoints her sole executrix.   The other will is dated the ——— day of ———, 188–.   By this latter instrument the testator gives everything to his wife, except that he devises to two of his daughters one-third interest each in certain real estate.   The proponents of the latter will allege in their petition, and sought to establish upon the hearing, that the instrument had been executed and should bear date the 21st day of December, 1885.   In support of this allegation, and for the purpose of establishing the paper as the last will and testament of the decedent, the two subscribing witnesses were called,—one, the draftsman of the will, the senior member of the firm of Fraser & Minor; the other, a practicing lawyer associated with that firm.   They both testified to all the facts requisite for the purpose of establishing due execution, testamentary capacity, and the absence of restraint and undue influence.   Both of these witnesses are unable to testify from memory merely as to the date of the execution of the will.   In order to refresh their recollection in this respect, there was exhibited to the witnesses, and subsequently introduced in evidence, the blotter kept by the firm of Fraser & Minor, in which were recorded all entries of transactions from day to day referring to their business.   Under date of December 21, 1885, appears the record as follows: "Re Haviland.  His will was executed by Stern and Fraser as witnesses."   The entry, an original one, is in the handwriting of Mr. Fraser, and was made in the regular course of business.   Mr. Fraser also produced a draft of the will which he states he handed to the testator, who took it away with him, and returned the same subsequently with his approval, when it was copied and executed.   A circumstance showing that, whatever the date of execution of this latter will, it must have been subsequent to March 14, 1884, is that the testator purports therein to devise absolutely and in fee certain real estate in which, at the date of the execution of the will of March 14, 1884, he only had a life interest.   Subsequent to the execution of that will, and on the 27th of June, 1884, Mr. Haviland's three children, by a former wife, executed to him a deed of the premises referred to, which formed a part of the estate of the decedent's former wife, the mother of the grantors.

The undated will purports to devise back to two of these children a one-third interest each in this identical property. Some doubts seem to have existed in the minds of counsel for the contestants of this latter will as to the competency of parol proof to establish the date of execution. The Revised Statutes do not require that a will shall be dated. The date may be established or corrected by parol evidence showing the real date of its execution. Schouler, Wills (2d Ed.) 279. If it were permitted to indulge in conjecture, it seems to me that the manner in which the defective date was inserted is readily explained. But a short time would elapse before the termination of the year, and, in drawing the will for execution, the last word to indicate the date was omitted, in apprehension that it might not be executed until the new year.

It is not necessary for me to determine as to the mutuality of the wills executed by the decedent and his wife on March 14, 1884. Whatever rights Mrs. Haviland may have under any contract she may be able to establish on the part of her husband to execute mutual wills must be enforced in another tribunal.

Some effort was made on the part of the contestants of the undated will to show that, at the time of its execution, the decedent did not have testamentary capacity. The proof on this point is so meager, and so utterly inadequate to establish the charge, that I deem it unnecessary to refer in detail to the evidence adduced. A decree may be submitted admitting to probate the undated instrument.

Ordered accordingly.