Georgiana Upton, Appellant, *v.* Abram N. Bernstein and Another, Respondents.

*Will — when admitted to probate conclusive evidence of title to personal property — prima facie evidence of title to realty — it may, to show title to land, be established by the testimony of a single witness.*

Sections 2618 and 2619 of the Code of Civil Procedure require that in all proceedings relating to the probate of a will two witnesses at least must be examined if within the State and competent and able to testify.

A will cannot be given in evidence to show title to personal property until it has been admitted to probate, but such title is conclusively established by the probate of the will. In regard to real property, however, the will, even if admitted to probate, is but *prima facie* evidence of title.

In an action in the Supreme Court upon the single issue as to the ownership of real estate, the due execution of a will can be *prima facie* established by the testimony of a single witness.

If, upon the trial of an action, the title to personal property derived from a testator, no matter how small its value, is involved, such title must be established by the probate of the will under which the title is derived, but a devisee of real estate under a will not admitted to probate is not required to establish his title under the proceedings for probate, but in an action in the Supreme Court wherein a single witness is produced, and without any explanation of the failure to produce another subscribing witness, he may establish the will.

Appeal by the plaintiff, Georgiana Upton, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 26th day of Decem-

ber, 1893, upon the decision of the court, rendered after a trial at the New York Circuit before the court without a jury, dismissing the plaintiff's complaint.

*L. A. Gould*, for the appellant.

*Moffett & Kramer*, for the respondents.

O'BRIEN, J. :

The plaintiff, as devisee of one Crescentia Mueller, brought this action to recover moneys received by defendants, who were real estate agents employed by Mueller in her lifetime to collect rents of real property of which she died seized.

To establish her title, plaintiff called one of three subscribing witnesses to a paper which purported to be the will of Mueller, and which, it appeared, had been presented to the surrogate of New York county for probate, but not probated at the time of the trial of the action. This one witness testified to the drawing and execution and publication of the will, after which the plaintiff offered the paper in evidence as the will of Mueller. If the *factum* of the will was established, the contents having been admitted, as containing a devise of the premises to plaintiff, she would have made out her cause of action. But the objection was made to the admissibility of the paper in evidence as a will, that the testimony of two witnesses was necessary to establish its validity. The court sustained this objection and dismissed the complaint, and it is from the judgment entered thereupon that this appeal is taken.

The single question presented, therefore, is whether in an action in the Supreme Court, upon the single issue as to the ownership of real estate, the due execution of a will can be established *prima facie* by the testimony of a single witness, or whether there must be, as held by the trial court, two witnesses.

Section 2618 of the Code of Civil Procedure provides that " before a written will is admitted to probate, two at least of the subscribing witnesses must be produced and examined, if so many are within the State and competent and able to testify." And the succeeding section (2619) provides the mode of procedure in case of the death, absence from the State, lunacy, or other incompetency of a witness required to be examined.

These sections require, therefore, that in all proceedings relating to the probate of a will, two witnesses at least must be examined, if within the State and competent and able to testify. And it is equally well settled that a will cannot be given in evidence to show title to personal property until it has been probated, but that such title is conclusively established by the probate of the will. In regard to real property, however, the will, even if probated, is but *prima facie* evidence of title.

As the result of this difference of weight to be given to the probate of a will in respect to personal as distinguished from real property, appellant contends that a different rule prevails as to the number of witnesses required. The authority relied on to sustain this contention is said to be that of *Harris* v. *Harris* (26 N. Y. 440).

In that case the plaintiffs sought to partition the property which the defendants claimed to own by virtue of a will alleged to have been lost or destroyed. As shown by the statement of facts, the defendants gave evidence tending strongly to show that the will was made and executed with all the formalities required by the statute, and that the instrument was lost or fraudulently destroyed in the testator's lifetime. " The provisions or contents of this will were proved distinctly and clearly by one witness, who drew it at the request of the testator, and who was one of the subscribing witnesses to it." According to this testimony the will contained a devise of testator's lands described in the complaint to the defendants. To meet this the plaintiff introduced in evidence the judgment roll in a suit brought by the defendants for the purpose of having such will established as a lost or destroyed will, and it was shown that such action was brought and judgment finally entered dismissing the complaint, and this judgment was claimed to be a bar. It was held that the defendants were not concluded by this judgment obtained against them in their action, and in the course of the opinion, upon the question whether one or more witnesses were necessary to establish the contents, as distinguished from the *factum* of the will, the court say : " Nor can it be claimed that the probate of a will not lost or destroyed, in a Surrogate's Court, or one lost or destroyed, in the Supreme Court, under the provisions of the Revised Statutes, is in either case conclusive as to real estate. It is conclusive as to personal, but *prima facie* only as to real estate, and a

failure to have a will probated  *  *  * does not prevent those claimants under it from setting up and establishing their title by common-law evidence in an action in any court, either of law or equity, where the title to the real estate thereby devised may be involved or come in question, unless some statutory provision has altered the common-law rules of evidence in respect to the proof of a will lost or destroyed by accident or design, and made it incumbent in all cases to prove the contents of such will by at least two credible witnesses or by one witness and a correct copy or draft of the lost instrument. About the only question in the present case is whether such a statutory rule exists."

It was accordingly held in that case that no such statutory rule exists, and that the common-law rule of evidence which allowed the proof of the contents of a will in the same manner as that of a deed, by a single credible witness, remained unaffected by statutory provisions relating to the mode of proof relative to probate proceedings.

Probably as the result of the misstatement in the head note of the decision in that case, it has been frequently quoted as authority for the proposition that it directly decided that, upon the single issue of ownership, the due execution of a will might be established *prima facie* upon the testimony of a single witness. The reporter, however, failed to make the distinction which exists in the case between proving the *factum* of a will and the contents, which are two very different things. That case, therefore, is authority only for the proposition that the contents of a will may be proved by the common-law rules of evidence.

In the case at bar the contents of the will were admitted, and it is conceded that if the *factum* of the will was established the plaintiff, as devisee, by virtue thereof was entitled to maintain the action and recover.

Apart, however, from the case of *Harris* v. *Harris* there is abundant authority among the earlier cases for the proposition that a will of real property in the Supreme Court might be proved and established by one witness, according to the common-law rule of evidence. (*Jackson* v. *Le Grange*, 19 Johns. 386; *Dan* v. *Brown*, 4 Cow. 483; *Jackson* v. *Vickory*, 1 Wend. 406; *Caw* v. *Robertson*, 5 N. Y. 134.)

In this last case (p. 134) GRAY, J., says: "If the title to real

estate devised should be contested one only of the subscribing witnesses, who can prove the execution of the will, need be examined."

The only case where a contrary view is seemingly indulged in is that of *Chapman* v. *Rodgers* (12 Hun, 342), wherein the plaintiff brought an action to have his title declared valid, or, if this were not done, that a partition and sale of the premises might be had. It was therein held, one of the judges dissenting (head note), that the action was one in equity to establish the validity of a will of real estate conclusively as against all the heirs, and that the rule in such cases was that all the witnesses thereto must be called and examined, except in the event of death, insanity or absence, or unless the heir waived his right, and that the court below erred in this case in holding that it was sufficient to call and examine only one witness. In the course of the prevailing opinion the judge says : " But where the object of the action, as in this case, is to establish a will forever and conclusively against all the heirs, the rule requiring the production of all the witnesses　＊　＊　＊　on probate before the surrogate, why should not all be produced in an action like this, which is conclusive even as respects real estate ? "

The difference between the rule of evidence which prevails upon probate proceedings and that in actions in the Supreme Court is based upon the fact that with respect to probate proceedings they are controlled by a statute, while in actions in the Supreme Court the common-law rule of evidence prevails. The jurisdiction of the two courts with respect to questions arising as to the establishment or construction of a will, and the difference in the evidence that may be resorted to, have been discussed by the Court of Appeals in *The Matter of Keleman* (126 N. Y. 79) and *Matter of O'Hara* (95 id. 403).

It would thus appear, to put it most strongly, that if the title to personal property derived from a testator, no matter how small or insignificant its value, is involved, such title must be established by probate of the will under and through which the title is derived, which, as we have seen, would require at least two witnesses, if within the State and competent and able to testify; while, on the other hand, a devisee of real estate under a will not probated is not required to establish his title under the proceedings for probate, but, in an action in the Supreme Court, wherein a single witness is pro-

duced, and without any explanation of the failure to produce at least another subscribing witness, he may succeed in establishing the will.

Whatever anomaly may in reason seem to exist, growing out of the difference in the number of witnesses required in the different forms, we do not regard the question upon authority as an open one.

Our conclusion is, therefore, that the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., concurred; FOLLETT, J., concurred in the result.

FOLLETT, J.:

April 2, 1893, the owner of the fee of No. 1,001 Broadway in the city of Brooklyn died. For sometime before that date the defendants had been employed by the owner to collect the rents from the tenants occupying the property, which they continued to collect after her death. This action was brought to recover the rents which had accrued and were collected by the defendants after the death of the owner. To prove title to the realty and establish the plaintiff's right to recover rents accruing and collected by the defendants since April 2, 1893, a paper, purporting to be the last will and testament of the late owner of the property, was produced by which No. 1,001 was devised to the plaintiff. The plaintiff called the draughtsman of the will, who was one of the three subscribing witnesses, who testified that the testatrix signed, sealed, published and declared the paper to be her last will and testament in his presence and in the presence of two other persons who were subscribing witnesses; and that he and said two other witnesses, at her request and in her presence, and in the presence of each other, subscribed their names as witnesses thereto. The will was then offered in evidence, but on the objection of the defendants that "the statute requires that the testimony of two witnesses to a will shall be necessary to establish its validity," it was excluded, and the plaintiff excepted. This was error. At common law, in an action where the plaintiff sought to establish his title to realty through a will, it was sufficient to prove its due execution by one of the subscribing witnesses. (Bull. N. P. 264; 3 Phill. Ev. [Edwards' ed.] 754 and

cases cited.) Such was the rule under the revised laws, when the statute required that there should be three subscribing witnesses to a will. (*Jackson* v. *Le Grange*, 19 Johns. 386; *Dan* v. *Brown*, 4 Cow. 483; *Jackson* v. *Vickory*, 1 Wend. 407.) Such is the rule under the Revised Statutes. (*Caw* v. *Robertson*, 5 N. Y. 134; *Harris* v. *Harris*, 26 id. 433; *Chapman* v. *Rodgers*, 12 Hun, 347; *Colligan* v. *M'Kernan*, 2 Dem. 421.) This rule has not been changed by sections 1865 and 2621 of the Code of Civil Procedure.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, new trial ordered, costs to appellant to abide event.