(47 App. Div. 47.)

### In re BRIGGS' WILL.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

WILLS—ATTESTATION—WITNESSES—PROBATE.
    A holographic will was signed by the testator and by two witnesses, his intimate friends and neighbors, who subsequently died, and whose signatures were proved. There was no attestation clause, but the will recited that it was published, and declared by the testator to be his will, and that it was signed, sealed, delivered, etc. A witness testified that 30 years after its date testator brought the will to him, stated it was his will, that he had signed it, and got the witness to sign for the purpose of being a witness, and that they were all in the room together, and at request of testator he swore him to an acknowledgment upon the will. *Held* sufficient to authorize its probate, under Code Civ. Proc. § 2620, permitting a will to be established on proof of handwriting of testator and deceased witnesses, "and such other circumstances as would be sufficient to prove the will upon the trial of the action."
    Ingraham, J., dissenting.

Appeal from surrogate's court, New York county.

Application for probate of the will of George W. M. Briggs, deceased, to which Frank E. Briggs filed objections. From a decree admitting the will to probate, contestant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

R. J. Donovan, for appellant.
Peter Condon, for respondent.

RUMSEY, J. The only question presented is whether, upon the uncontradicted evidence, it was proper for the surrogate to decree the probate of this will, which was made in 1863. All of it, excepting the signatures of the subscribing witnesses, was in the handwriting of the testator; and that, as well as the handwriting of the signatures of each of the subscribing witnesses, was satisfactorily proven without dispute. It appeared that each of the witnesses was dead. It was shown that they were friends of the testator, who saw him daily, with whom his relations were intimate, and who lived

near him. The will seems to have been produced from the place where the testator kept his papers. Although there was a contest, no testimony was produced on the part of the contestant. There was no question as to the competency of the testator, and it was not disputed that the disposition of his property made by the will was in all respects proper. The proponent produced as a witness a friend of the testator, who testified that in 1890 the testator came to him in his office, bringing with him the paper propounded as the will, and saying to him that he had a paper which he wanted the witness to look at; that it was a will he made, but he had made it some years back, and he wanted the witness to look at it, and in some way "to freshen it up," because, he said, it having been made so long ago, they might think he had made a later one. The witness testified that the testator handed him the paper; said it was his will; said that it had been executed in his place of business down town in Third avenue; that Erastus Brown and Hen Hornidge were present (these being the persons who had signed the will as witnesses); that they were all in one room; that he told Brown, as they were there together, that he wanted him to witness the will; that Hornidge was present at the same time; that he got Brown and Hornidge to sign as witnesses to that paper for the purpose of being witnesses to his will. At the same time Mr. Briggs told the witness the reason why he made the will, and he gave these details as to what occurred at the time of the execution of it in 1863. He also said to the witness that it was his will; that he had signed it; and he desired the witness to sign it as a witness, or to take his acknowledgment; and, in accordance with his request, the witness drew the acknowledgment upon the will, and Briggs signed and swore to it before him as a notary public. Such is the substance of the evidence upon which the surrogate admitted the will to probate. His action was founded upon the authority granted in section 2620 of the Code of Civil Procedure, which says that when "all the subscribing witnesses to a written will are dead ＊ ＊ ＊ the will may nevertheless be established upon proof of the handwriting of the testator, and of the subscribing witnesses, and also of such other circumstances as would be sufficient to prove the will upon the trial of an action." In a case where the subscribing witnesses are living, or in any other case but this, when a will is to be proved before a surrogate's court, considerably more evidence is required to establish it. Code Civ. Proc. §§ 2618, 2619. The authorization of the surrogate to admit a will to probate upon the proof specified in this section changes not a little the rule as applied in ordinary cases in that court. A will may be established upon the trial of an action by ordinary common-law evidence from which its execution may reasonably be inferred by the jury, although that evidence is given by but one witness. Harris v. Harris, 26 N. Y. 433; Jackson v. Vickory, 1 Wend. 406–412. In such cases the question is always whether, upon the whole evidence, the jury might fairly infer that the requirements of the statute had been complied with. Upton v. Bernstein (Sup.) 27 N. Y. Supp. 1078. Although it is doubtful whether this will can be considered to be an ancient document, so

as to raise a presumption as to due execution upon presentation of it and proof of the handwriting of the subscribing witnesses, yet, in view of the length of time which elapsed since it was made and before it was presented for probate, and all the other circumstances proved in the case, this is clearly one in which the most liberal presumptions in favor of its execution should be indulged in. Cheeney v. Arnold, 18 Barb. 434; Jackson v. Laroway, 3 Johns. Cas. 283; Jackson v. Blanshan, 6 Johns. 54. There can be no doubt that, upon this proof, if there had been written before the signature of the witnesses an attestation clause reciting that the formalities required by the statute had been complied with, this evidence would have been amply sufficient to warrant the finding that the will had been properly executed. But the attestation clause is not of itself evidence. It is simply a statement from which the courts can infer that the things required by the statute were done, because it is not likely that the witnesses would have signed an attestation clause if it were not true, and the probate is decreed upon the faith of that inference. It is to be remembered that in this case, while there was no full attestation clause, it does appear by the will itself that it was published and declared by the testator to be his last will and testament, and was signed, sealed, and delivered on the 9th day of January, 1863. This statement, which is embodied in the very last words of the will, just before the signature of the testator and the witnesses, and which must have been seen by the witnesses when they signed their names to the will, would warrant an inference that it was published and declared by the testator to be his last will and testament at the time the signatures were made. But we are not left solely to the inferences to be drawn from this clause of the will, but we have, in addition, the declaration of the testator as to the manner in which this will was executed, and which, if accepted and received in evidence, must necessarily afford as strong an inference as to the due execution of the will as one derived from an attestation clause. These declarations were admitted without objection, and are before us for our consideration. But they were competent evidence in the case, because they were the declarations of one from whom all the parties in this proceeding claim. They certainly were sufficient to warrant the surrogate in inferring that everything which the law required for the due execution of this will took place when it was signed by the testator and the witnesses. We think, therefore, that his conclusion that the will was sufficiently proved was correct, and that his decree should be affirmed, with costs. All concur, except INGRAHAM, J., who dissents.