## UNITED STATES v. WITHERS et al.

(Circuit Court of Appeals, Second Circuit. April 27, 1904.)

### No. 173.

1. CONTRACTS—BREACH—DUTY TO PREVENT LOSS.

A bidder for furnishing supplies to the Post-Office Department, who, on the acceptance of his bid, failed to execute the contract in accordance with his guaranty, cannot be held liable for the difference between the contract price of certain articles and the price paid by the department to the public printer for such articles three months after the default, where it is shown that at the time of such default and for several weeks thereafter the articles could have been purchased in the market for less than the contract price, and especially where it does not appear that the price subsequently paid was the market price, which alone could fix the measure of damages.

2. ERROR—GROUNDS FOR REVERSAL—RIGHT TO NOMINAL DAMAGES.

A judgment for defendant entered on a verdict directed by the court will not be reversed because plaintiff may have been entitled to nominal damages, where no permanent right is affected.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a judgment of the Circuit Court, Southern District of New York, in favor of the defendants in error (who were defendants below), entered upon a verdict in their favor which was directed by the court.

Arthur M. King, for plaintiff in error.

Charles F. McCandeles, for defendants in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The defendant Withers made a bid offering to enter into a contract to furnish certain stationery sup-

plies for the Post-Office Department at prices named in the said bid. The only item as to which testimony was taken is "7,500 doz. scratch blocks or pads at $15^{1/2}$ cents." Withers and his codefendants, Morse and St. John, guarantied that if his bid were accepted he would within 10 days enter into and duly execute a contract to furnish such supplies at the prices named, and that, in case of failure to enter into such contract, the bidder and his guarantors would forfeit and pay to the United States the sum of $3,000. The bid was accepted somewhere about the latter part of June, 1900, and Withers was notified of such acceptance, and was requested to fill out the contract and send it back, so that it might be accepted and filed. He failed to do so, although repeatedly requested to execute it, and by the middle of July (the record does not give the exact date of notification to sign contract) the 10 days had expired, Withers was in default, and the government officers were entitled to advertise for new bids and enter into a new contract for the supplies in question. No steps were taken to effect a new contract in the usual way, and finally, about the 1st of October, the supply of pads was exhausted, and the post offices throughout the country had to be supplied. Thereupon the Post-Office Department ordered $3,333^{1/3}$ dozen pads from the public printer at $30^{816}/_{1000}$ cents per dozen. This action was brought to recover the difference of price paid from the failing bidder and his guarantors.

The United States attorney quite properly decided that recovery could not be had for the penalty named ($3,000), but only for the actual damages which had been sustained through defendants' default. The price paid the public printer was $1,027.20, the articles at prices named in the bid would have cost $516.67, and the government sought to recover as actual damages $510.53. It appeared on the trial that the pads bought from the public printer were of slightly better quality than those which Withers had offered to furnish, and that $85 fairly represented such difference in quality, whereupon the United States attorney apparently conceded that the plaintiff's claim should be reduced by that sum. It further appeared that the market price of pads such as Withers offered to furnish was 14 cents in July and August. What the market price was subsequently does not appear.

The plaintiff relies on a section of the United States Revised Statutes which reads as follows:

"Sec. 3709. All purchases and contracts for supplies or services, in any of the departments of the government, except for personal services, shall be made by advertising a sufficient time previously for proposals respecting the same, when the public exigencies do not require the immediate delivery of the articles, or performance of the service. When immediate delivery or performance is required by the public exigency, the articles or services required may be procured by open purchase or contract, at the places and in the manner in which such articles are usually bought and sold, or such services engaged, between individuals." [U. S. Comp. St. 1901, p. 2484.]

Incidentally it may be noted that articles of stationery are not usually bought "between individuals" of the public printer, and whether the price of articles sold by him compare favorably or unfavorably with their prices in the open market, where individuals

purchase, does not appear. However this may be, the case seems to be determined by the application of the familiar principle that there can be no recovery for damages which might have been prevented by reasonable efforts on the part of the person injured. The defendants were in default in July; with reasonable diligence the Post-Office Department could have readvertised and secured a new bidder in August; even if it had not advertised, it could have obtained the pads by purchase in the open market during that month at a sum less than that at which Withers had agreed to furnish them. The most ordinary diligence to avoid disastrous results from the breach of contract would have prevented any loss at all. Moreover, since the record failed to show at what price the pads could have been bought in the open market in October, when at last they were bought there was nothing upon which the jury could have assessed any substantial damages, for the measure of damage was the difference between the contract price and the market price.

It is contended that plaintiff was at any rate entitled to recover nominal damages, and that the court erred in directing a verdict for defendants. But it is well settled that there should be no reversal when a nonsuit has been directed in a case where plaintiff could recover nominal damages only, unless some permanent right is affected, or some error of the court has crept in by which the jury has rendered an erroneous verdict, or, possibly, the recovery of costs has been affected. Ellsler v. Brooks, 54 N. Y. Super. Ct. 73; Funk v. Evening Post Pub. Co., 76 Hun, 497, 27 N. Y. Supp. 1080; Brantingham v. Fay, 1 Johns. Cas. 264. In the case at bar no permanent right is affected, the jury has not been misled, no costs would have followed the recovery of nominal damages, and none were entered against the United States in the judgment under review.

The judgment is affirmed.