liable to pay the plaintiff by reason of his failure to repair said building. In the absence of any agreement, the landlord was not bound to make repairs or changes in his building. Witty v. Matthews, 52 N. Y. 512; Franklin v. Brown, 118 N. Y. 113, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744. In the absence of any testimony tending to show that the fixtures connected with the water pipes were of improper construction, and the evidence in this case disclosing that the faucets in question were under the control of the tenants of the floor above, the plaintiff is not liable to the defendants for the damages occasioned by the water, and the plaintiff is entitled to recover. Leonard v. Gunther, 47 App. Div. 194, 62 N. Y. Supp. 99. The occupants and lessees of the floor above were liable to the defendants for all damages occasioned by them by reason of the overflow of water. The law does not require a landlord to prevent his tenants from annoying each other or from trespassing upon each other's rights. It leaves them to seek redress for injuries of that character from those who directly inflict them. There being no wrongful act or omission of duty shown on the part of the landlord, there was no eviction.

The judgment herein should be reversed, and a new trial ordered before Rollin D. Snow, justice of the peace, November 21, 1906, at 10 a. m., with costs to the appellant to abide the event of the action.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.

---

(51 Misc. Rep. 542.)

## In re HALSTEAD'S ESTATE.

### (Surrogate's Court, Kings County. October, 1906.)

**WILLS—LOST WILL—EVIDENCE TO ESTABLISH.**

After testator's death his will was destroyed, but its contents were proven by two credible witnesses and declarations of testator to the effect that he had made the will. *Held*, that probate will be denied, in the absence of proof of the handwriting of the deceased subscribing witnesses and other proof of the execution, as required by Code Civ. Proc. § 2620.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 709.]

In the matter of the probate of the last will of David F. Halstead, deceased. Probate denied.

John H. Kemble, for petitioner.
Roy, Watson & Naumer, for contestant.

CHURCH, S. This case is illustrative of what has often seemed to me to be a serious defect in the law applicable to probate proceedings, viz., that there is no provision made for the custody of a will between the time of its execution and its presentation for probate. It emphasizes the necessity of providing a legal depository for all documents intended to take effect as wills, where they should remain from the time of their execution until passed upon in the course of probate. But the court has no power to create new law. Its duty is to decide questions arising upon the facts presented. As the substantial facts of

the case at bar, together with the inferences to be drawn therefrom, are undisputed, there remains for consideration only a question of law.

It appears that there was in existence, for many years prior to the death of the deceased, a paper, which we may regard as a will, by the provisions of which the entire estate of the deceased was given to the proponent. It is likewise shown that this instrument was in existence subsequent to his death, and was thereafter destroyed. The contents of the paper have been sufficiently proved, in accordance with the requirements of section 1865 of the Code of Civil Procedure, by two credible witnesses. Both of the persons whose names are affixed to the document are dead. The question to be determined, therefore, is whether satisfactory proof has been given, as required by section 2620 of the Code, in regard to its execution. That section provides that:

"If all of the subscribing witnesses are dead, the will may be established upon proof of the handwriting of the testator and of such subscribing witnesses and also of such other circumstances as would be sufficient to prove the will upon the trial of an action."

The proponent's proof falls far short of these requirements. Except the proof in relation to the handwriting of the testator, there is no evidence that the names purporting to have been written by the subscribing witnesses are in their handwriting, and there is nothing to show the execution of the will, other than testimony as to statements of the deceased to the effect that he had made a will. Under these circumstances there is no discretion left with me, and therefore no course open, but to refuse to admit the paper in question to probate as the will of the deceased.

Probate denied.