### In re ELLERY.

(Supreme Court, Appellate Division, Second Department.　June 24, 1910.)

1. WILLS (§ 302*)—ESTABLISHMENT—EVIDENCE—SUFFICIENCY.

　　Under Code Civ. Proc. § 2620, authorizing establishment of a will on death of the witnesses thereto by proof of testator's and their handwriting and such other circumstances as would prove the will in an action, a holographic will without formal attestation clause is not established by proof of testatrix's and witnesses' handwriting, and that she once spoke respecting "a" will, and by an inference that a natural and reasonable disposition was made by the will.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 706; Dec. Dig. § 302.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WILLS (§ 302*)—HOLOGRAPHS—ESTABLISHMENT—DEGREE. OF PROOF RE-
    QUIRED.
        Though less strict proof is required to establish holographic, than ordi-
    nary, wills, substantial compliance with prescribed formalities of publica-
    tion must be shown.
        [Ed. Note.—For other cases, see Wills, Cent. Dig. § 706; Dec. Dig. §
    302.*]

3. WORDS AND PHRASES—"IN THE PRESENCE OF."
        The phrase, "in the presence of," is the statement of a function of a sub-
    scribing witness.
        [Ed. Note.—For other definitions, see Words and Phrases, vol. 6. pp.
    5525, 5526.]

Appeal from Surrogate's Court, Richmond County.

Application by Amelia Ellery to revoke the probate of Eliza Battan-
chon's will. From an order denying the application, applicant appeals
adversely to Charles F. F. Battanchon. Reversed, and new hearing
ordered.

Argued before WOODWARD, JENKS, BURR, THOMAS, and
CARR, JJ.

Howard Thayer Kingsbury (Benjamin F. Tracy, on the brief), for
appellant.

J. Harry Tiernan, for respondent.

JENKS, J. This is an appeal from the order of a Surrogate's
Court that denies a petition for the revocation of the probate of Bat-
tanchon's will, and ratifies and confirms the decree of probate thereof.
The subscribing witnesses died before the testator, and therefore it
was sought to establish the will under section 2620 of the Code of
Civil Procedure, by "proof of the handwriting of the testator, and of
the subscribing witnesses, and also of such other circumstances, as
would be sufficient to prove the will upon the trial of an action."
After a hearing upon the petition, the learned surrogate found that the
instrument was signed by the testator, at the end thereof, in the pres-
ence of James Howard and George M. Fleischer, the subscribing wit-
nesses thereto, and was also signed at the end thereof by the said
James Howard and George M. Fleischer; that the said Howard and
Fleischer died before the testator; that the body of the said .instru-
ment, and the name Eliza Battanchon subscribed thereto, are in the
genuine handwriting of the deceased; that the names James Howard
and George M. Fleischer, subscribed thereto, are in the genuine hand-
writing of said James Howard and George M. Fleischer; and there-
upon concluded that the instrument was properly executed, and is gen-
uine and valid as a will of real and personal property and in con-
formity with the provisions of the statute.

The evidence is sufficient to justify the findings of fact, but I think
that the facts do not justify the conclusion of law because there was
not sufficient proof of "such other circumstances." The fact that the
will is a holograph does not except it from the terms of the statutory
requirements of execution. Although there is less strictness in the
case of a holographic will, it must appear that there was some sub-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stantial compliance with the prescribed formalities of publication. Matter of Turell, 166 N. Y. 330, 336, 59 N. E. 910; Matter of Beckett, 103 N. Y. 167, 174, 8 N. E. 506; Matter of Moore, 109 App. Div. 762, 765, 96 N. Y. Supp. 729, affirmed 187 N. Y. 573, 80 N. E. 1114. This relaxation is permitted because the holographic character of an instrument shows that a testator understood the character and contents of it; and hence "the primary and principal purpose" of publication "is nearly secured."  Matter of Beckett, supra.

The question under section 2620 of the Code is whether upon the whole evidence a jury might infer such compliance.  Matter of Briggs, 47 App. Div. 47, 50, 62 N. Y. Supp. 294.  There is no full and formal attestation clause.  After the subscription by the testator there is written, "Sworn and described before me this 5th day of June, 1900, G. M. Fleischer, Notary Public, County of Richmond.  In presence of G. M. Fleischer, James Howard," and the notarial seal is attached.  It appears that the notary public was a dealer in furniture. It may be that "described" was intended for "subscribed," but, if not, that word does not fulfill the requirements of a formal attestation clause.  It is true that such a clause was not essential.  And G. M. Fleischer and James Howard must be regarded as subscribing witnesses, for the legend "In the presence of" is a statement of function of such a witness.  Prof. Wigmore, in his work on Evidence, writes that "the statement of attestation need not be expressly written in full. The placing of the signature implies an assertion of execution."  Sections 1509 and 1512.  See, too, Losee v. Losee, 2 Hill, 612, and Ela v. Edwards, 16 Gray (Mass.) 91; Eliot v. Eliot, 10 Allen (Mass.) 357. But the absence of a full and formal attestation clause makes against the proponent.  In Jackson v. Jackson, 39 N. Y. 159, the court, per Woodruff, J., say:

"As a memorandum of what occurred, and as a means of securing the attention of the witnesses to the fact that all required formalities have been observed, it is very desirable that it should be full and precise in its details. Sometimes, when the witnesses are dead, it may be of great importance as presumptive evidence of due execution.  But the attestation clause is no part of the will, and is not required as a part of its due execution by any law. Chaffee v. Baptist Miss. Ass'n, 10 Paige, 85 [40 Am. Dec. 225]; Leaycraft v. Simmons, 3 Bradf. Sur. 35; Jackson v. Christman, 4 Wend. 282."

See, too, Matter of Cottrell, 95 N. Y. 329; Rider v. Legg, 51 Barb. 260; Everitt v. Everitt, 41 Barb. 385; Matter of Briggs, supra.  In Matter of Abel, 136 App. Div. 788, 121 N. Y. Supp. 452, we have said, per Carr, J., that the existence of such a clause is a circumstance that permits a very strong inference of execution, and our courts in cases somewhat similar to this at bar have laid stress upon the existence thereof.  In Matter of Hesdra, 119 N. Y. 617, 23 N. E. 557, the court say:

"This section received a practical construction in Brown v. Clark, 77 N. Y. 369, Matter of Pepoon, 91 N. Y. 255, and Matter of Cottrell, 95 N. Y. 329, and was held to mean, in accordance with prior decisions cited, that the proof of circumstances bearing upon the question of the authenticity of the will in connection with a regular attestation clause duly executed were, if sufficient to satisfy the court of its genuineness, all that was required to sustain the probate of a will."

See, too, authorities, supra; Brown v. Clark, 77 N. Y. 369; Matter of Pepoon, 91 N. Y. 255; Matter of Kellum, 52 N. Y. 517. Outside of the proof of the handwritings, the only further proof is that the testator, in her home, and in the absence of her husband, conversed with her friend Ferrand "with reference to a will," but the time is not told, the details of the conversation are not given, and it does not appear that the will referred to was that of the testator. The sole devisee and legatee is the husband of the testator, and, in the event of his decease, the mother of the testator, while it does not appear that the testator had any other natural objects for her provision nearer than her sisters. These circumstances make for the proponents. Matter of Hesdra, supra.

To affirm this order, we must hold that a jury would be warranted in finding the publication of a holographic will without a formal attestation clause, when the handwriting of the testator and of the subscribing witness was established, and there was proof that the testator at some time in the absence of the sole devisee and legatee spoke to a friend with reference to a will, and the inference could be drawn that the will made a natural and reasonable disposition of the testator's estate. Examination of other judgments in this state wherein similar questions arose and were disposed of fails to show any case where so informal a document upon such paucity of proof was held to be established under this statute or similar statutes.

The order is reversed, with costs, and a new hearing is ordered before the surrogate. All concur.