In the Matter of Proving the Last Will and Testament of HANS TRUELSEN, Deceased, as a Last Will of Real and Personal Property.

Surrogate's Court, Bronx County, July 11, 1927.

**Wills — execution — lost will — evidence does not show will was legally executed under Decedent Estate Law, § 21.**

In this proceeding to probate the alleged lost will of the decedent, while the evidence tends to show that the decedent signed the will, the proponent has not sustained the burden of proof that the will was executed in compliance with the provisions of section 21 of the Decedent Estate Law, and, therefore, the will is denied probate.

Proof merely that the decedent signed the paper and that it was signed by two witnesses, and was left with the sister of the decedent for safe keeping and was later referred to by the decedent as his will, does not raise a presumption that the statute was complied with.

PROCEEDING for probate of alleged lost will.

*Benjamin Weiss*, for the petitioner, proponent.

*Skinner & Bermant*, for the contestant.

*Henry Herz*, special guardian.

SCHULZ, S. The proceeding was to probate the alleged lost will of the decedent. I am satisfied that the witnesses who testified were truthful, and the provisions of the document, as also the fact that it was in existence at the time of the testator's death, have been clearly and distinctly proved by two credible witnesses and other evidence, and hence it might be admitted as his last will and testament if its execution was established. (Surrogate's Court Act, § 143.)

I am convinced that the decedent subscribed the document and that the witnesses signed the same at the end thereof. The instrument bears no attestation clause. One of the witnesses is dead, and the other testified that he had absolutely no recollection of the matter.

The burden of showing that the statute has been complied with is upon the proponent. (*Delafield* v. *Parish*, 25 N. Y. 9, 29; *Matter of McDonough*, 201 App. Div. 203, 205; cases cited in *Matter of King*, 89 Misc. 638, 649.) This is so, even if the instrument is a holograph, as is the one under consideration (*Matter of*

*Turell*, 166 N. Y. 330; *Matter of Wilmerding*, 75 Misc. 432, and cases cited), and although the tendency of the courts has been not to require as strict proof in such cases, some evidence of a substantial compliance is necessary. (*Matter of Crill*, 124 Misc. 134, 140, and cases cited; *Matter of Van Derzee*, Id. 539.)

The intention to make a will is not sufficient, even when proved, unless the testator in its execution has observed the formalities required by the statute (*Matter of Andrews*, 162 N. Y. 1, 5; *Matter of Whitney*, 153 id. 259, 264; *Matter of O' Neil*, 91 id. 516, 520), and while a paper may be established as a will, when all of the witnesses are dead, or when the witnesses have forgotten the occurrence, upon proof of the handwriting of the testator and of the subscribing witnesses, there must also be evidence of such other circumstances as would be sufficient to prove the will upon the trial of an action before this can be done. (Surrogate's Court Act, § 142.)

In this case there is absolutely no evidence of any kind showing that the decedent signed the document in the presence of each of the attesting witnesses, or acknowledged the same to have been signed by him, that he declared the instrument to be his last will and testament, in words or in effect, and that each of the attesting witnesses signed the will at the request of the testator, as required by the Decedent Estate Law (§ 21), and, therefore, a finding that the statute has been complied with would not be supported unless there is some presumption which supplies the deficiency in the evidence. A case which refers to such a possible presumption, under certain circumstances, is *Matter of Rosenthal* (100 Misc. 84). The facts, however, were somewhat different and the weight of authority appears to be to the contrary. (*Matter of Ellery*, 139 App. Div. 244; *Matter of Halstead*, 51 Misc. 542.) Unless, therefore, I am willing to hold that the facts that this instrument is shown to have been signed by the decedent and two witnesses, left with a sister of the decedent for safekeeping, and referred to by the decedent at a later time as his will, raise a presumption that the statute was in other respects complied with, the paper cannot be given effect.

Having in mind the purposes which prompted the Legislature to fix the formalities which must be observed in the execution of a testamentary script, such a presumption would be dangerous and might result in weakening the safeguards against imposition and fraud which they were intended to prevent. While, therefore, I do so with reluctance, I am obliged to deny probate to the propounded paper. Costs to the petitioner and to the contestants, payable out of the estate.

Settle decision and decree accordingly.