Matter of proving the last will and testament of
MARX NATHAN ROSENTHAL, Deceased.

(Surrogate's Court, New York County, May, 1917.)

**Wills** — presumption that instrument was executed in conformity with
statute.

Where an instrument in writing propounded as a last will
and testament is found last in testator's custody, subscribed by
him and two witnesses also deceased, it will be presumed that
the instrument was executed in conformity with the Statute of
Wills, and probate thereof will be decreed.

PROCEEDING upon the probate of a will.

Gustav Goodman, for proponent.

FOWLER, S.   This particular probate proceeding
presents an exceptional question.   The testator is of
course dead, or the proceeding would not lie.   Testa-
tor's signature is established.   The two witnesses are
dead and their signatures have been identified and
sworn to in due form.   This instrument propounded
bears no clause of attestation.   What is the legal pre-
sumption under the circumstances in a court of pro-
bate as to the regularity of execution, i. e., its compli-
ance with the Statute of Wills?   Is there any?   There
seems to be no express adjudication in this state on
this point.   At least none has been called to my atten-
tion.   *Matter of Ellery*, 139 App. Div. 244, does not
seem to be entirely controlling.   Nor do *Matter of
Abel*, 136 App. Div. 788, affirming 63 Misc. Rep. 169, or
*Matter of Oliver* 13 Misc. Rep. 466, quite cover this
case although in line with it.

By the law of this court, i. e., the common law
applicable in probate courts, there is, I think, a pre-

sumption that a testamentary script coming from proper custody, if subscribed by the deceased testator and witnessed by two witnesses since deceased, was executed according to the Statute of Wills. Section 2612, of the Code of Civil Procedure, seems to contemplate this presumption. It provides that where the witnesses to a will are dead the will may, nevertheless, be established upon proof of the handwriting of the testator and the witnesses, and also of such circumstances as would be sufficient to prove the will upon the trial of an action.

It is not always remembered that the common law of evidence is highly peculiar and that it causes the procedure in common law courts to differ from that of all other courts. It has very little relevancy to procedure in probate courts, and yet it is constantly applied to such procedure by judges not trained in the science of probate courts. The *factum probandum* in the instance of proving a will should rarely be tested by the rules of procedure—of which evidentiary rules are only a part—adopted in common law courts. Courts of probate, for example, have a set of presumptions peculiarly their own. The presumptions entertained in such courts relative to holographic testaments are but one instance. If a testament in due form of law is found at his death in the custody of the testator, the presumption of *animus testandi*, while constantly ignored in courts of law, is of great weight in courts of probate where the jurisdiction of testaments immemorially rests. From a presumption of *animus testandi* to a presumption of regularity of execution, in the absence of all proof to the contrary, is but a short step, and where the will bears the attestation of two witnesses since deceased, but whose signatures are duly manifested, the presumption of regularity of execution in conformity with the Statute

Surrogate's Court, New York County, May, 1917. [Vol. 100.

of Wills becomes imperative in a probate court, whatever view other courts may entertain of their duty in analogous matters not confided to courts of probate.

Courts of probate are satisfied with proofs which establish reasonable certainty of the *factum probandum*. They are not bound to require proofs rising to a practically moral certainty, as courts of law are in cases involving delicts or moral turpitude. Courts of probate necessarily deal with the mysterious minds of the dead; they are always operating in regions less certain than those of courts dealing with demonstrable realities. Presumptions are therefore as necessary as practical in courts of probate.

In the first place, the maxim " *omnia praesumuntur rite esse acta* " applies in this court as in all other courts of the state. 1 Jarman Wills (6th Eng. ed.) 105, 121; *Price* v. *Brown*, 1 Bradf. 291. This maxim expresses an inference reasonably to be drawn when an intention to do some formal act is established. A testamentary script subscribed by a testator, if witnessed by two witnesses, is sufficient to establish *prima facie* an intention to testamentate. Consequently the maxim ought to apply in this proceeding. Dr. Lushington so argued that this maxim applied in English courts of this character in *Burgoyne* v. *Showler*, 1 Robt. Ecc. 5.

There are cases in England inferentially in point. *In Bonis Peverett*, 1902, P. 205. In *Goods of Rees*, 1865, Law J. Prob. Mat. & Adm. 56, the will and the codicil were in the handwriting of decedent. Opposite the signatures of the decedent and the witnesses were the words " Signed by me in the presence of." The two witnesses identified the signatures as in the handwriting of themselves and the decedent, respectively, but stated that they had no recollection whatever of the circumstances under which they had

signed. On motion for administration, *c. t. a.*, it was contended that " in the absence of evidence to the contrary, the presumption is that the documents were duly executed." Citing *Burgoyne* v. *Showler, supra; Matter of Goods of Thomas,* 28 Law J. Rep. (N. S.) Prob. & M. 33; *Matter of Goods of Frere,* 8 Jurist (N. S.), 494; *Matter of Goods of Johnson,* 2 Curt. 34; *Goods of Mustow,* 4 No. C. 289. In *Burgoyne* v. *Showler,* 1 Robt. 9, Dr. Lushington *in arguendo,* said: " Upon what principle ought the court to consider a case of this description, where the will upon the face of it appears to be duly executed — where there is an attestation clause though not quite in the strict form, I apprehend in the first place the presumption is *omnia rite esse acta?* On the present occasion there are two subscribing witnesses. If these persons were dead, the law would presume the will to be duly executed. If they were utterly forgetful of all the facts the presumption of law would be the same." Sir J. P. Wilde held: " Upon the authorities cited I am of opinion that the will and codicil were duly executed."

After reflection and due consideration I am of the opinion that a court of probate ought to decree for probate.

Probate granted.