In the Matter of the Contested Probate of the Last Will and Testament of SEAMAN H. SNIFFIN, Deceased.

(Surrogate's Court, Westchester County, November, 1920.)

Wills — probate — death of both subscribing witnesses — Code Civ. Pro. § 2612.

Upon proof of the facts and circumstances required to be shown upon an application under section 2612 of the Code of Civil Procedure to have admitted to probate an instrument in writing purporting to be the last will of one who died in 1880, both of the subscribing witnesses being dead, a *prima facie* case is made for the will and probate thereof will be decreed.

PROCEEDINGS upon the contested probate of a will.

Arthur R. Wilcox, for proponent.

SLATER, S. The facts surrounding this will are so unusual that they provoke an opinion. The will is

Surrogate's Court, Westchester County, November, 1920. [Vol. 113.

without date. The testator died June 17, 1880. The petition for the probate of the will was signed and verified by the person named as executor therein and duly filed in the office of the surrogate April 12, 1889. No further proceedings were had, and, since that time, the paper writing has laid dormant in this office. After this lapse of time, it is found that all the persons who had to do with the execution of this paper writing are dead. And, consequently, the reason for the delay upon the original petition is not known.

The will is written upon one side of a sheet of paper. It is signed and sealed by the testator and by the two witnesses. The attestation clause is in these words and style: " Signed sealed and delivered in the presence of the Testator and the witnesses the witnesses to sign by request of the Testator as his will for him."

The witnesses are dead and it appears that one died five years before the testator. The will is sought to be established, pursuant to the provisions of section 2612 of the Code of Civil Procedure, when all of the subscribing witnesses are dead, upon proof of the handwriting of the testator and of the subscribing witnesses, and also proof of such other circumstances as would be sufficient to prove the will upon the trial of an action. Satisfactory proof was given as to the death of the two witnesses, and that the testator was a person of sound mind.

The statute (Decedent Estate Law) does not require a will to be dated, neither is an attestation clause necessary. The exact date when the will was executed does not appear to be altogether important. The evidence is sufficient to warrant holding that the execution of the propounded document took place prior to the death of J. G. Fowler, one of the witnesses, who died in 1875. The date of a will may be established

by evidence showing the real date of its execution. *Matter of Haviland,* 17 Misc. Rep. 193; *Matter of Gethins,* 97 id. 561; *Matter of Talbot,* 91 id. 382.

The cases in this state relating to establishing the due execution of a will by presumption, divide into two classes: (1) where there was an attestation clause; (2) where there was no attestation clause.

The instant case belongs to the first group of cases. While the attestation clause is irregular and unusual, it contains a statement that the subscription was made by the testator in the presence of the attesting witnesses and that, at the time of making such subscription, the testator declared the paper writing to be his will.

The reported cases belonging to the latter group, where no attestation clause is found, are more frequent. *Matter of Oliver,* 13 Misc. Rep. 466; *Matter of Briggs,* 47 App. Div. 47; *Matter of O'Hara,* 2 N. Y. Bull. 83; *Harris* v. *Harris,* 26 N. Y. 433; *Matter of Abel,* 136 App. Div. 788; *Matter of Ellery,* 139 id. 244; *Mater of Rosenthal,* 100 Misc. Rep. 84.

The decision by Surrogate Fowler in the case of *Matter of Rosenthal, supra,* is far reaching. In that case there was no evidence given of such other facts and circumstances as would be sufficient to prove the will upon a trial. It was, however, decreed probate upon presumption, not rebutted, that a testamentary script coming from the proper custody, if subscribed by the testator and two witnesses, was executed according to the Statute of Wills.

The early cases in this state expressed the opinion that where all of the subscribing witnesses are dead and proof is given of the handwriting of the testator and of the subscribing witnesses, the will may be admitted in the absence of contradictory evidence.

*Jackson* v. *LeGrange,* 19 Johns. 386; *Matter of Abel, supra.*

The following reported cases belong to the other group, where the wills had an attestation clause: *Price* v. *Brown,* 1 Bradf. 291; *Rider* v. *Legg,* 51 Barb. 260; *Brown* v. *Clark,* 77 N. Y. 369; *Matter of Pepoon,* 91 id. 255; *Matter of Foley,* 55 Misc. Rep. 162; *Matter of Reynolds,* 87 id. 569; *Matter of Sizer,* 129 App. Div. 7; affd., 195 N. Y. 528.

An attestation clause is entitled to great weight in the determination of the facts involved. *Matter of Hesdra,* 119 N. Y. 615; *Matter of Walker,* 67 Misc. Rep. 6. In the instant case, the handwriting of the testator and of the two witnesses has been proved by an expert, by the comparison of handwriting with filed documents in public offices. *Matter of Burbank,* 104 App. Div. 312. There is no doubt of the genuineness of all of the signatures. There is no direct evidence of what was said, or done, when the will was executed, and no other proof of circumstances, which would be sufficient to prove the will on a trial in an action, except the attestation clause. In my opinion, the attestation clause in this case is ample and sufficient to permit a natural inference as to the circumstances not shown directly.

It appears to be well settled by authority, that upon the facts in the instant case, due execution of the will will be a natural presumption from such evidence. No contradictory evidence was offered by the contestant. The appearance of the instrument is genuine. The will provides for, or mentions all of the family, who are the natural objects of testator's bounty. The witnesses who gave evidence are personally known to the court. I am satisfied that, from the facts and circumstances, the instrument offered is established with reasonable certainty. A *prima facie* case has been made for the will, and the decree must be for probate.

The proponent has sustained the burden of proof which the law casts upon him. The inference of fact is a natural one under the circumstances, and such as a jury might well infer from the facts in this case.

Probate decreed.