JAMES D. LEATHERBEE *vs.* JAMES H. LEATHERBEE.

Norfolk.   October 16, 1923. — December 20, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, & PIERCE, JJ.

*Will,* Validity, Attestation.   *Evidence,* Presumptions and burden of proof.

At the hearing of a petition for the proof of a will, it appeared that the will was in the handwriting of the petitioner, who was nominated therein as executor and who was the husband of the decedent; that it was dated twenty-eight years before it was offered for probate; that it did not contain any attestation clause but only the word "witness" above the signature of alleged witnesses, who were two children and two friends of the decedent; that the will gave all the decedent's property to the husband; that one of the witnesses who was a friend of the decedent had died; that the other friend identified his own signature and the signature of the deceased friend and that of the decedent, but did not remember whether the decedent signed in his presence or acknowledged her signature, or whether the witness signed in the presence of the decedent; that one of the children of the decedent who signed as a witness identified his signature and that of the

decedent but could tell nothing of the execution of the instrument. The fourth witness, a child of the decedent, did not appear at the hearing and contested the will. The judge, finding that the alleged witnesses had no knowledge of the proper attestation of the instrument, disallowed it. *Held*, that, although there was no affirmative and direct evidence that the instrument was executed in conformity with the requirements of G. L. c. 191, § 1, there was a presumption of regularity in the execution of the instrument, and, in the absence of any evidence to meet it, this presumption required a finding that the will was properly executed.

PETITION, filed in the Probate Court for the county of Norfolk on January 3, 1922, for the proof of the will of Mary A. Leatherbee, late of Braintree.

In the Probate Court, the petition was heard by *McCoole*, J. Material facts found by him are described in the opinion. The petition was denied and the petitioner appealed.

*S. B. Horovitz*, for the petitioner.

*W. S. Pinkham & F. E. Litchfield*, for the respondent, submitted a brief.

PIERCE, J. This is an appeal from the decree of the Probate Court of Norfolk County, dated December 27, 1922, disallowing a certain instrument as the last will and testament of Mary A. Leatherbee, which was propounded for probate by James D. Leatherbee, who is named in said instrument as executor.

The deceased left a husband, said James D. Leatherbee, and two adult children surviving, James H. and Mary E. Leatherbee. The instrument, regular in form and purporting to be the last will and testament of the deceased, was in the handwriting of said James D. Leatherbee, and was witnessed by the two children of said deceased, and by two friends, Arthur Drew and Julia E. Drew. By the second clause of said instrument the alleged testatrix gave, devised and bequeathed to her " beloved husband, James, all of my estate, real, personal or mixed, of which I shall die seized and possessed; to have and to hold the same to him, and his executors, and administrators and assigns forever; " and, by the third clause thereof, appointed " my husband to be the executor of this my last will and testament, without bonds." The will bears date of January 24, 1894, — twenty-eight years before it was offered for probate.

The witness Arthur Drew was dead when the alleged will was offered for probate. His wife, Julia E. Drew, identified her own signature as a subscribing witness, the signature of her husband, and that of the testatrix; but she remembered nothing about the execution of the instrument — whether the testatrix signed in her presence, or acknowledged her own signature, or whether the witness signed in the presence of the testatrix. In answer to questions of the judge she stated that on many occasions the testatrix, her husband and the witness were present together at the houses of each other. The third witness, Mary E. Leatherbee, identified her signature and that of the testatrix, but could tell nothing about the execution of the instrument. The fourth witness, who is the contestant of the will, did not appear before the judge. Upon the facts, in substance above recited, the judge found "that the witnesses to said instrument have no knowledge of the proper attestation thereof," and " decreed that said instrument be disapproved and disallowed as the last will and testament of said deceased."

G. L. c. 191, § 1, provides that " Every person of full age and sound mind may by his last will in writing, signed by him or by a person in his presence and by his express direction, and attested and subscribed in his presence by three or more competent witnesses, dispose of his property." In this Commonwealth it is settled law that an instrument, to be valid as a will, must be signed in the presence of the witness who subscribes the instrument and attests the signature of the testator; or that the signature to the instrument must be shown to such a witness and acknowledged to be that of the testator, before the witness shall subscribe his name and attest the signature of the testator then upon the instrument. *Nickerson* v. *Buck,* 12 Cush. 332. *Dewey* v. *Dewey,* 1 Met. 349. *Ela* v. *Edwards,* 16 Gray, 91. *Meads* v. *Earle,* 205 Mass. 553. *Barnes* v. *Chase,* 208 Mass. 490. *Nunn* v. *Ehlert,* 218 Mass. 471. The facts reported by the judge do not disclose any affirmative and direct evidence that the instrument was executed in conformity to the statute. The copy of the will printed in the record has not the usual attestation clause or any attestation clause other

than the word " witness," beneath which were the four signatures of the witnesses. Upon the foregoing facts the question is: Does a presumption of validity of execution supply the want of direct and circumstantial evidence where, as here, one of the witnesses is dead, where two of the living witnesses are unable to recollect anything about the execution of the instrument, where the fourth witness is the contestant and does not testify, and where the attestation clause states none of the facts which the statute requires to be done and performed?

There is no statutory provision that an instrument drafted in the similitude of a formal will shall not be set up because the witnesses are dead, are insane, are beyond the jurisdiction of the court, or, after a lapse of many years, are unable to recollect anything material to the execution of the will other than the fact that the signatures to the proffered instrument are those of the testator and of the persons who appear as witnesses upon it. Such a rule would make the validity of the will dependent, not upon the order and time of affixing signatures, not upon the capacity of the testator to execute a will, nor upon the absence of fraud and undue influence, but upon the fullness, accuracy, and persistency of the recollection of one or more of the persons who signed it as a witness.

It was said in *Nickerson* v. *Buck*, 12 Cush. 332, at page 341: " It is proved that this witness had deceased before the trial; but the death of an attesting witness, or of all the attesting witnesses, is not to defeat the validity of the will, if, in fact, duly executed. It changes the form of the proof, and allows of the introduction of secondary evidence of the due attestation and execution of the will. Such attestation is then to be shown, as it would be in the case of deeds, by proof of the handwriting of the witness. That being shown, *prima facie*, it is to be taken to be true, and to have been put there for the purpose stated in connection with the signature. It is to be assumed, as regards that witness, that he duly attested the will in the presence of and at the request of the testator. In considering the sufficiency and weight of the evidence to establish the due

and proper execution of this will, the fact of the death of this witness and the presumptions that arise from proof of his handwriting, are somewhat material. As regards this witness, if nothing appears in other parts of the evidence to control the presumption resulting from proof of his handwriting, it may be taken that, as to his attestation, it was properly made to the signature by the testator." The same rule and reasoning have been held applicable in cases where the witnesses " did not recollect the testator, or anything about the circumstances under which the will was executed." *Eliot* v. *Eliot,* 10 Allen, 357, 358. *Ela* v. *Edwards, supra.*

Upon the authority of the cases cited we think the presumption of regularity in the execution of the instrument was cogent; and, in the absence of any evidence to meet it, was conclusive and required, upon this record, a finding for the proponent of the will. It results that the decree must be reversed.

*Ordered accordingly.*