In Re ZECH'S ESTATE
ZECH, Respondent, v. ZECH, Appellant
(6 N. W.2d 432.)

(File No. 8490. Opinion filed November 28, 1942.)

**D. K. Loucks,** of Watertown, for Defendant-Appellant.

**J. G. McFarland** and **Glen S. Paterson,** both of Watertown, for Claimant-Respondent.

SMITH, J. This appeal is from the allowance of a claim filed against the estate of a deceased trustee by his successor in trust.

In 1905 Friederike Zech conveyed real property to her son Herman A. Zech in trust for the benefit of her son William Zech. The trust indenture empowered Herman to use the corpus and income of the trust for the maintenance and support of William. Herman died in 1939 and thereafter, in a proceeding carried on under SDC 59.0220, the circuit court appointed claimant as his successor in

trust. The claim under consideration is for a sum equal to the rents and profits of the land over a period of years, plus an additional sum received by the deceased trustee under circumstances presently to be described. The theory of the claimant is that the proceeds are not traceable into specific property and that, because deceased so co-mingled the same with his individual property as to render tracing impossible, the deceased became personally liable. This theory was adopted by the trial court.

We elect to treat first with the assignments dealing with the additional item contained in the claim. This portion of the claim seeks recovery of an amount equal to William's distributive share in his mother's estate. The record reveals that the mother lived some twenty years after she created the above-described express trust. She died intestate in 1926. After her estate was closed the administrator thereof paid $1,324.91, representing William's distributive share as fixed by the final decree, to Herman A. Zech by a check which described him as "trustee". Upon receiving this check Herman executed a receipt therefor and endorsed the check as "Herman Zech, Trustee". In the order appointing a successor in trust to Herman Zech, after delineating the powers of the successor trustee with reference to the above-described express trust, the court purported to authorize its appointee to demand and receive from the estate of Herman Zech the distributive share of William in his mother's estate. The appealing administratrix asserts that the cause of action, if any exists, to recover on that portion of the claim, rests in William Zech and that the proof fails to establish any right in the successor trustee to make claim for that item. Appellant makes the further contention that the evidence establishes that Herman promptly paid this distributive share to a sister to be used by her in the maintenance and support of William. The conclusions we have reached in response to appellant's first contentions are determinative of this branch of the case.

The claimant does not contend that this distributive share of William in his mother's estate became a part of the

original express trust. Rather he takes the position that the check, its endorsement, and the receipt therefor, running as they did in the name of "Herman Zech, Trustee" conclusively evidence a mutual intention of the parties to that transaction to create an express trust for the benefit of William in that fund.

It seems obvious to us that SDC 59.0105, dealing with the creation of express trusts, contemplates a settlor possessed of such a title or power as will permit him to encumber or impress property with a trust. The administrator of the mother's estate, who purported to place this fund in trust, was neither possessed of title nor of such a power. Under our law, title to both real and personal property of one who dies intestate passes to his heirs subject to the control of the county court for the purposes of administration, and to the possession of any administrator lawfully appointed. SDC 56.0102. Upon entry of the final decree in the mother's estate William became entitled to the possession of his distributive share therein. William was the only person who could have qualified as a settlor in trust of this property, and he did not act. It thus becomes apparent that Herman was not clothed with the powers of an express trustee, and that upon his death, when the circuit court purported to appoint a successor in trust to that fund, no trust powers existed to which its appointee could succeed. SDC 59.0220 does not vest a jurisdiction or power in the circuit court to create a trust. The jurisdiction gained from that section is to fill a vacancy in an express trust through the appointment of a successor in trust. The powers of such a successor flow from the intention which gave origin to the fiduciary relationship and must be measured by that intention. Where the assumed fiduciary relationship and its powers are in fact nonexistent, it must follow that the court in appointing a successor in trust acts without jurisdiction of a subject matter and its order is a nullity.

It was said at bar that, if the parties to this transaction failed in the accomplishment of their purpose to

create an express trust, the law imposed a constructive trust upon Herman and that, therefore, the trial court was warranted in authorizing claimant as a successor in trust to demand and receive payment of this item. We have recently pointed out that the term "constructive trust" is a name assigned to a remedy through which equity avoids unjust enrichment and is not to be confused with the fiduciary relationship known as an actual or express trust. In re Farmers State Bank of Amherst, 67 S. D. 51, 289 N. W. 75, 126 A. L. R. 619. And see Farmers & Traders Bank v. Kimball Milling Co., 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739; and Jaeger v. Sechser et al., 65 S. D. 38, 270 N. W. 531. To say or assume that Herman received this distributive share charged with a duty to forthwith pay the same to William, and that in enforcing this duty and William's correlative rights, a court of equity would view Herman or his successors as constructive trustees, is not to say that a court acting under SDC 59.0220 would have jurisdiction to name and empower a third person to enforce William's rights. That section of our statute has to do with express trusts. The death of one who holds property under circumstances which would have permitted a court of equity to apply its remedial doctrine to accomplish a full and just restitution does not furnish an occasion for the naming of a successor in trust. In such an instance the successors in interest of the deceased will in turn be viewed by equity as constructive trustees to achieve complete justice. The cause of action, however, which invokes this doctrine remains in the true owner of the property of which specific restitution is sought and may only be enforced by him or if, as in the present case, he is incompetent, by his duly authorized guardian. Hence, we conclude that claimant was without a right to present this item of the claim, and that the trial court erred in the allowance thereof.

We turn to a consideration of the claim for an amount equivalent to the rents and profits received from the land held in trust. As we have indicated the theory upon which the trial court allowed this item was that the deceased dur-

58

ing his lifetime had become personally liable for a breach of trust by so co-mingling these proceeds with his individual property as to render them untraceable. Appellant contends that this portion of the claim invokes an equitable jurisdiction not possessed by the county court.

■■ The ruling of the trial court is in accord with the settled law in this and other jurisdictions. In Marker v. Van Gerpen et al., 39 S. D. 648, 166 N. W. 151, it was held that where trust funds had been so co-mingled, the trustee became personally liable and upon his death the sole remedy of the beneficiary of the trust was through the presentation of a creditor's claim. See 24 C. J. 291, § 894 and 334, § 956; 21 Am. Jur. 581, § 354; Bancroft's Probate Practice, § 777; Davis v. Shepard, 135 Wash. 124, 237 P. 21, 41 A.L.R. 169. We adhere to that view. A different holding as to a successor in trust would be without logical justification. We think it follows that in the exercise of its appointed functions a county court has jurisdiction to adjudicate such a contested claim. SDC 35.1410. See In re Gooder's Estate, 68 S. D. 415, 3 N. W.2d 478.

■ Pointing to the lapse of time, to the fact that no claim was asserted during the life of Herman Zech, and to the difficulties which attend the meting out of justice in the absence of his testimony, appellant invoked the doctrine of laches below and here predicates error on the adverse ruling of the circuit court on that issue. As we interpret the record and proceedings before the trial court, the parties admitted the incompetency of William, the beneficiary of the trust, and of his lack of disinterested representation by guardian during the life of Herman Zech. In view of this situation we are of the opinion that the ruling of the trial court must be upheld. Scott on Trusts, § 219.3.

■ The remaining assignments question the sufficiency of the evidence to support the findings of the court. In presenting these assignments appellant concedes the settled rule that this court is not warranted in disturbing a finding of the trial court unless that finding is against a clear preponderance of the evidence.

 It is first said that a clear preponderance of the evidence establishes that Herman Zech paid the proceeds of the cropping of the trust real property to the sisters and brothers who were maintaining William. It must be admitted that circumstances are revealed by the record which are not in accord with the ordinary manifestations of human conduct. That the sisters and brothers of William, being fully conversant with the fact that Herman had in his possession property with which to adequately maintain and support William, claim to have carried that burden for upwards of ten years at their own expense, except for payments from Herman approximating $100, without making demands upon Herman during his lifetime, casts a shadow of suspicion upon their testimony. However, these witnesses have testified under oath that they received no other sums from the deceased trustee. Because the deceased failed to record his transactions, the administratrix was unable to combat that testimony, or to show that these sums were paid either to William or to others for his benefit. After a careful analysis of the record we have concluded that this finding of the court is not against the preponderance of the evidence.

 The trial court found that Herman Zech had received in net proceeds from the cropping of the real property the sum of $1457.48. The computations by which the trial court arrived at this figure are not set forth in its findings. Interpreting the evidence in the light most favorable to the respondent, we have been unable to find warrant for the inference that the deceased trustee received net proceeds in such an amount. In fact our computations indicate that he received considerably less than that amount. It is not our function to try this phase of the case de novo. Because the trial court has failed to indicate the items which contributed to its finding, we are unable to point to its specific errors and must content ourselves with the holding that its finding is not supported by the evidence.

It follows that the judgment and the order of the trial court must be and they are reversed.

All the Judges concur.