IN RE ALFRED SWANSON ESTATE

(107 N.W.2d 256)

(File No. 9880. Opinion filed January 17, 1961)

4

**Donald L. Heck,** Kadoka, and **John W. Larson,** Kennebec, for Appellants.

**Herschel V. Melcher,** Chamberlain, for Respondents.

BIEGELMEIER, J. Alfred Swanson died intestate on February 11, 1957, and left surviving him, a widow, three brothers, five sisters and three children of a deceased sister. The widow petitioned the court to appoint an administrator who was duly appointed and qualified. At the time of his death, the decedent was the owner of the property listed in the inventory and appraisement filed in said estate, and, also owned a quarter section of land which was used and occupied by the decedent and his wife as a homestead, at the time of his death; the widow continued to occupy it as her homestead after her husband's death.

The inventory and appraisement filed in said estate contained all of the property of the decedent except the homestead 160 acres and a small amount of personal property added later by stipulation.

Thereafter a petition was filed in the County Court of Brule County, South Dakota, by Alfred's brothers and sisters, and children of his deceased sister which objected to the inventory and appraisement filed in the estate in that it failed to include all of the property of the decedent and that the property therein shown was not appraised at its true value. It prayed that the administrator be required to furnish the county court with a complete list of all the

property of deceased at the time of his death, that the court take testimony to determine its value, the share to which all the heirs were entitled and for general relief. At a hearing the county court entered a decision from which the administrator and the widow appealed on questions of law and fact and for a trial de novo in the circuit court. That court heard the evidence anew, entered findings of fact, conclusions of law and a judgment. This judgment affirmed the decision of the county court, found the values of the real estate substantially higher than those fixed by the appraisers appointed in county court and made some other determinations with reference to the disposition of the estate, the correctness of which is before us on this appeal.

■ A preliminary matter to be disposed of concerns the widow's contention this proceeding should have been dismissed as no appeal was taken from an order entered by the county court approving the inventory and appraisement. SDC 1960 Supp. 35.12 provides that the personal representative must make and file a true inventory and appraisement of all the estate of the decedent except the homestead; that the judge must appoint three disinterested persons to make the appraisement; this chapter contains other directions as to its execution and return. There is no statute authorizing or requiring the court to enter an order approving the inventory; it is usually made ex parte, as it was here and is not binding on persons interested in the estate. In re Gooder's Estate, 68 S.D. 415, 3 N.W.2d 478. It was unnecessary and was not an appealable order under SDC 1960 Supp. 35.2101. In re Engebretson's Estate, 72 S.D. 406, 34 N.W.2d 926. The court's refusal to dismiss respondent's petition was correct.

There is no dispute that the described quarter section was used and occupied by the deceased and his wife at the time of his death and as his widow, appellant was entitled to have it set apart as such in the manner provided by law. The parties differ as to the effect this has on the statutes of descent and distribution, on whether the widow is entitled

to the homestead right plus her distributive share in the estate and their rights in the estate.

SDC 51.1716 allows a survivor to continue to occupy the homestead until it is disposed of according to law. SDC 51.1717 provides "Such homestead shall descend according to the law of succession as provided by this title * * * and shall be held exempt from any antecedent debt of the parent * * *." SDC 1960 Supp. 35.1302 states: "Upon the death of any husband or wife or head of a family * * * the survivor or survivors * * * may continue to have the exclusive possession of the homestead as defined by law until it is otherwise disposed of, and have the rents and profits thereof * * *".

SDC 1960 Supp. 35.1307 outlines the procedure for setting aside the homestead and includes this sentence:

"The homestead, when determined by the court, shall thereupon and forthwith be decreed by the court to be set apart from the estate for the use and possession of those entitled by law to the use and possession thereof, and the executor or administrator, as such, shall not be entitled to such possession or any of the rents and profits thereof."

SDC 56.0104 as amended now reads:

"When any person * * * dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise express-ly provided in this Code, subject to the payment of his debts, in the following manner: * * *

"(2) If the decedent leaves no issue and the estate does not exceed in value fifty thousand dol-lars, all the estate goes to the surviving husband or wife; if the estate exceeds fifty thousand dol-lars, then the first fifty thousand dollars goes to the survivor, who shall have the right of selecting the same, and of all property in excess of fifty

thousand dollars in value, one-half goes to the surviving husband or wife, and the other half goes * * * in equal shares to the brothers and sisters of the decedent, and to the children or grandchildren of any deceased brother or sister by right of representation." As amended by Ch. 456, Laws of 1953; see SDC 1960 Supp. 56.0104.

 As SDC 1960 Supp. 35.1306 refers to the surviving spouse and his or her "rights in the homestead", for clarity, the phrase "homestead right" will be used to describe her right to its use, occupancy and rentals for life; the "remainder in the homestead", or "remainder" as the fee subject to such right. In the probate of an estate, the statutes direct a true inventory and appraisement must be made and returned of all the estate of the decedent, except the homestead. While they indicate real estate subject to a homestead right is not to be inventoried or administered as an asset of the estate, SDC 1960 Supp. 35.1708 directs that the final decree of distribution "must also set forth and show the persons taking title to the homestead, if any, subject to the rights of the persons entitled to the use and possession of such homestead". In re Wright's Estate, 69 S.D. 475, 12 N.W.2d 9, Judge Warren suggests the property subject to the homestead right remains a part of the property of the estate as distinguished from an asset. If known to be such, it may, consistent with these statutes be listed as part of the property of the estate in the original petition for probate. If it comes within the purview of either subdivision (1) or (2) of SDC 1960 Supp. 35.1307, it should be separately listed and described in the inventory, with a designation as to its homestead character. In this manner, the court and those interested will be informed of its existence as property of the estate, though not an asset subject to the control of the personal representative. It would not affect the right to have it set apart as a homestead in the manner provided in SDC 1960 Supp. 35.1307. This is consistent with subsection (3) which states that if decedent had no real property which constituted his homestead at the time of his death, then the surviving spouse may in like manner select as

such any real property owned by the decedent at death as such. When this occurs it then remains property of the estate but not an asset, even though it had been so inventoried. SDC 1960 Supp. 35.1307 directs that the property be immediately set apart as a homestead upon application and notice. The parties do not dispute that subsection (2) thereof is applicable and a proceeding under it would have resulted in determining the homestead right of the widow in the described quarter section; as she has such right we will assume it has been or will be set apart to her. Is the widow entitled to this homestead right under SDC 1960 Supp. 35.1307 plus her distributive share under SDC 51.-1717 as amended? Our conclusion is that she is entitled to both, and the value of this homestead right is not to be charged to her as part of the distribution to her under that section. Adams v. Adams, 183 Mo. 396, 82 S.W. 66; In re Ronayne's Estate, 104 Cal. App.2d 53, 231 P.2d 105. The first is a right under a statute of exemption, the second under a statute of descent. See Hansen v. Hansen, 40 S. D. 114, 166 N. W. 427; Van Matre v. Swank, 147 Wis. 93, 131 N.W. 982, 132 N.W. 904. These statutes are in pari materia and should be interpreted to give effect to both; In re Jones' Estate, 239 Iowa 1364, 35 N.W.2d 36, to the end that they may be harmonious and workable. Glenham Ind. School Dist., etc. v. Walworth County Bd. of Education, —S.D.—, 98 N.W.2d 348; Black v. Circuit Court, —S.D.—, 101 N.W.2d 520.

■ It is the value of this remainder that must be determined by the court as that is property in the estate, the fee to which the court decrees ownership subject to the homestead right. SDC 1960 Supp. 35.1708, supra; 3 Bancraft Prob.Prac. § 714, p. 389. The court found the value of the homestead quarter on the date of death; this was proper as a starting point. That value is to be reduced for the purposes of distribution under SDC 56.0104 as amended, by deducting therefrom the value of the survivor's homestead right, thus arriving at the value of the remainder. It is this remainder value which will be the basis for selection

and distribution. By reason of the wording of SDC 1960 Supp. 56.0104 giving the survivor the first fifty thousand dollars and "the right of selecting the same", the court should at the hearing on final distribution or other appropriate time upon notice first find such values, thus giving the survivor a basis for her right of selection. This being done the decree may be entered. In the event of an appeal the same right of selection should be given.

In the case at bar, the parties have argued the merits without an objection to the fact that the relief asked may be premature. Whether the proceeding is one properly calling for declaratory relief under SDC 1960 Supp. 37.01 is not before us. It does appear that expenses of administration, funeral expenses and debts of the decedent are unpaid; also that exempt personal property and allowances under SDC 1960 Supp. 35.13 have not been allowed, set apart or paid. The latter are not chargeable as part of the distributable share of the surviving spouse. All of these are to be deducted from the property of the estate before distribution. In re Jones' Estate, supra. Disposition thereof appears necessary before the court enters a definite decree.

It was not error for the trial court to admit evidence of values different from that stated in the inventory. An inventory and appraisement of a decedent's estate is prima facie evidence of the value and ownership, but it is not conclusive. In re Spicer's Estate, 13 Del. Ch. 430, 120 A. 90; 33 C.J.S. Executors and Administrators § 138. The findings of the trial court on conflicting testimony will not be disturbed on appeal unless against the clear preponderance of the evidence. Case v. Gorder, 72 S.D. 338, 34 N.W.2d 175.

Under the present record we believe that the judgment of the circuit court should be and it hereby is reversed and the case remanded for further proceedings not inconsistent herewith.

All the Judges concur.