## IN RE ESTATE OF FARNSWORTH

(176 N.W.2d 247)

**(File No. 10565. Opinion filed March 24, 1970)**

---

**Willy, Pruitt & Matthews, Gene E. Pruitt,** Sioux Falls, for Northwestern Nat. Bank of Sioux Falls, Executor, and David W. Farnsworth, Betty M. Hart, and Nancy M. Harwood (formerly Nancy M. Jones).

**Laura Hall Heuermann,** Sioux Falls, for Mitchell Jones, Brian Arlen Jones, Gwendolyn Farnsworth, Frieda Farnsworth, and Eric Farnsworth.

**Marvin Keller,** Sioux Falls, for Charline McMaster, objector and respondent.

HOMEYER, Judge.

This is an appeal from a judgment denying probate of a purported will.

Chester George Farnsworth died on August 28, 1966, a resident of Minnehaha County, leaving an estate valued at a little over $100,000. The will was offered for probate by the executor therein named. Opposition to probate was filed by one of the decedent's four children. The Opposition alleged (1) lack of mental capactiy (2) improper execution and (3) undue influence. On (3) there was no evidence and on (1) there can be little doubt that decedent possessed testamentary capacity on May 7, 1952, the date the will was purportedly executed. The single important question involves execution.

The county court admitted the will to probate. Upon a de novo trial the circuit court found the document offered for probate bore the genuine signatures of the decedent and two witnesses, but since the witnesses did not recall the occasion or remember placing their signatures thereon, it concluded that the instrument had not been established as a valid will of the decedent and thus was not entitled to probate.

The will consists of six typewritten pages, single spaced. At the foot of the first page appears the following: "(Will of C. G. Farnsworth; Page 1) **Chester G. Farnsworth,** 5-7-52". The part in parentheses is typewritten. The remainder above the line is

the signature and handwriting of the decedent. The next four pages, except for page number, contain the same typewriting, signature, and handwritten date at the bottom. At the end of the will and at the foot of the last page appears the following:

WITNESSES:

(1) *Colin H. Parker*

*502 West 3rd St., Sioux Falls, So. Dakota*

(2) *Kenneth E. Van Klin*

*1609 S. Duluth Ave., Sioux Falls, S. Dak.*

*Chester G. Farnsworth*

Signed and witnessed this 7th day of May, 1952, at Sioux Falls, S. Dak.

(*C. G. Farnsworth*)
(*Chester George Farnsworth*)

(Will of C. G. Farnsworth; final Page 6)

The rule is well settled in this state and elsewhere that where a will bears the admittedly genuine signatures of the testator and two subscribing witnesses, together with a full attestation clause reciting due execution of the will in accord with statutory requirements, a prima facie case on proof of will has been established. In re Houda's Estate, 76 S.D. 388, 79 N.W.2d 289. It does not require the affirmative memory of either subscribing witness, Mahlman v. Kratzer, 80 S.D. 264, 122 N.W.2d 215, and there is strong presumption or inference of due execution. In re Ryan's Estate, 74 S.D. 359, 53 N.W.2d 11. Such proof gives rise to an inference of fact and has probative value. It does not disappear upon the introduction of contrary evidence. In re Houda's Estate, supra, Mahlman v. Kratzer, supra; In re Rowland's Estate, 70 S.D. 419, 18 N.W.2d 290. The burden of proving due execution is upon the proponent. Ross v. Taylor, 39 S.D. 608, 165 N.W. 1079.

This court has not heretofore had occasion to consider the question of proof of execution of a will in the absence of a full attestation clause or no attestation clause. In Sapp v. Protheroe; 77 S.D. 72, 85 N.W.2d 505, in a contest after probate, contention was made that a will was void on its face for want of due execution. Sheet one thereof contained the signature of the testator and the signature of three witnesses without an attestation clause. Sheets two and three were not witnessed. The decision in that

case turned on the doctrine of incorporation by reference. Nevertheless, this court recognized the county court had apparently determined that "Sheet 1" was a complete and **formally executed will** and sheets two and three were incorporated therein by reference. See also SDCL 30-6-24 and source statutes on proof of will when there is no contest.

█ While we feel the better practice is to include an attestation clause reciting compliance with statutory requirements upon execution of the will, we hold such a clause is not necessary under our statute, SDCL 29-2-6, which requires no formal attestation clause. Courts in other jurisdictions appear unanimously in accord. See 57 Am.Jur., Wills, § 296; 94 C.J.S. Wills § 196; 2 Bowe-Parker, Page on Wills, §§ 19.140 and 19.141 and cases cited. At page 268 of the latter, the text writers state:

> "If the attestation clause is defective, if it is entirely lacking and some word such as 'witnesses', appears, or if there is not even such a word as 'witnesses', the effect of the signature of the witnesses is a question upon which there has been some conflict of authority. It has been said that the witnesses, by signing, vouch for the proper execution of the will as if there were a complete attestation clause, although, perhaps, less force is given to their implied declaration that the will is properly executed. In other cases it has been said that in the absence of an attestation clause, it is necessary to show affirmatively all the facts which are necessary to a proper execution." Precedents for each view are set forth in the footnotes.

SDCL 30-6-20 provides that in will contests, where the subscribing witnesses are not present in the county or are insane or incompetent, upon such showing being made to the court, the "court may admit the testimony of other witnesses to prove * * * the execution of the will. In such cases the handwriting of the testator and of the subscribing witnesses must be established, * * *". In 95 C.J.S. Wills § 384(b), p. 269, it is stated:

"Where, however, in proceedings for the probate of an instrument as a will, it appears to have been duly executed as such, and the attestation is established by proof of the handwriting of the witnesses or otherwise, although their testimony is not available, **or they do not remember the transaction,** it will be presumed, **in the absence of evidence to the contrary,** that the will was executed in compliance with all the requirements of law, including those relating to publication, attestation in the presence of the testator, acknowledgment, the affixing of the testator's signature prior to those of the witnesses, and the performance by the witnesses of their duty to see that the instrument was signed and to satisfy themselves of the testator's competency. This is **especially** true where the will contains a formal attestation clause, * * * and in some jurisdictions, although the attestation clause is held to lend weight, the presumption arises even in the absence of an attestation clause, although, in others, in the absence of an attestation clause, due execution of a will cannot be presumed merely from the proof of witnesses' signatures."

See also 57 Am.Jur., Wills, §§ 866, 867, Annot., 76 A.L.R. 617.

The problem with which we are here concerned confronted the California court under statutes essentially like ours in In re Pitcairn's Estate, 6 Cal.2d 730, 59 P.2d 90. The argument was made that recitals in the attestation clause furnish the basis for the presumption of due execution and an attempt was made to limit the presumption to cases where a full attestation clause is contained in the will. Answering this argument the California court wrote:

"In our view the distinction thus drawn is illogical and the rule is too narrow. There is no need of an 'attestation clause'; it is sufficient that a will be witnessed or attested, and the recital of the steps in execution is not required. 68 C.J. 711, § 392. It does not seem reason-

able, therefore, to have the important presumption of due execution turn upon the presence or absence of this unnecessary provision. The foundation of the presumption is the proof of genuineness of the signatures, for the instrument is then on its face a valid will. Doubtless recitals in an attestation clause are entitled to greater weight, but the logical basis for the presumption, as well as its practical necessity, are the same whether or not there is such a clause. This view has the support of a number of authorities. Leatherbee v. Leatherbee, 247 Mass. 138, 141 N.E. 669; Mead v. Trustees of Presbyterian Church, 229 Ill. 526, 82 N.E. 371, 14 L.R.A.,N.S., 255, 11 Ann.Cas. 426; Berberet v. Berberet, 131 Mo. 399, 33 S.W. 61, 52 Am.St.Rep. 634; Matter of Rosenthal's Will, 100 Misc. 84, 164 N.Y.S. 1060; German Evangelical Bethel Church v. Reith, 327 Mo. 1098, 39 S.W.2d 1057, 1062, 76 A.L.R. 604; Rood on Wills (2d Ed.) § 798a, p. 822; see note, 76 A.L.R. 617.

"In German Evangelical Bethel Church v. Reith, supra, the court fully discusses the conflicting cases on this point. The will there contained an attestation clause, but it failed to recite an essential element of due execution, namely, signing by the witnesses in the presence of the testatrix. If the recitals in the clause were required to create the presumption, then none would arise. But the court held the presumption applicable, saying: 'In other words by subscribing the will the attesting witnesses impliedly vouch for its due execution as fully or as broadly as they would do expressly if there were a complete attestation clause, though, perhaps, with less force and emphasis."

In re Tyler's Estate, 121 Cal. 405, 53 P. 928, there was no attestation clause; one of the witnesses was dead; the other could not recollect the details of execution. The court upheld the order admitting the will to probate upon proof of the genuineness of the signatures where there was no impeaching evidence. It said:

"While the Code provides that certain things are necessary to the making of a valid will, it does not prescribe how those things shall be proved. It leaves that to the general rules of evidence. There is provision, it is true, that if the attesting witnesses are alive, and present in the county, they must, in the event of a contest, be called. This is a very natural and just provision, for in such case the failure of the proponent of a will to call his attesting witnesses would be a very suspicious circumstance. But there is no statutory declaration, and no principle of law, to the effect that a will executed in due form shall go for naught unless an attesting witness, after the lapse of many years, shall continue to recollect everything material that occurred at the time he subscribed his name to it. Such a rule would make the validity of the will dependent, not upon the disposing mind of the testator, nor his freedom from duress, undue influence, or fraud, nor upon his clear expression of his intention in the body of the instrument, nor upon its execution in conformity to the form and ceremony prescribed by the statute, but upon the fullness, accuracy, and persistency of the recollection of one of the persons who signed it as a witness. Such a rule cannot be maintained either upon principle or precedent. What constitutes a sufficient execution of a will is prescribed by the statute. What constitutes sufficient proof of such execution is not so prescribed, and is a different question,—a question to be solved by the general principles of evidence."

In re Estate of Kent, 161 Cal. 142, 118 P. 523, there was no attestation clause and the only subscribing witness called was unable to recollect the execution of the will. All signatures were admittedly genuine. It was held that in the absence of evidence showing nonexecution, the trial court erred in refusing probate.

In Burkland v. Starry, 361 Mo. 348, 234 S.W.2d 608, 40 A.L.R.2d 1217, concerning a contested will that had no attestation clause and the signatures of the witnesses followed the sig-

nature of the testatrix, the court said: "Proof of the genuineness of the three signatures created a 'presumption' of due execution".

In re Akins Estate, 41 N.M. 566, 72 P.2d 21, the court held in the absence of an attestation clause, where the will was subscribed by the genuine signature of the testator and the genuine signatures of two persons under the word "witnesses" below the testator's signature that such showing raised a presumption of due execution of the will in compliance with statutory requirements of that state.

In Cunningham v. Hallyburton, 342 Ill. 442, 174 N.E. 550, the court held that neither a formal attestation clause nor even words in addition to signatures of witnesses were necessary in the execution of a will.

In re Dalton's Estate, 346 Mich. 613, 78 N.W.2d 266, the court held that a signature on a will after the word "witness" is presumed to have been placed there in accordance with the requirements of the statute and in the presence of the testator.

■ As we have noted there was no evidence that the will was executed through any semblance of fraud, coercion, duress or undue influence. It was kept in the decedent's safety deposit box after its making. The testator and the two witnesses were long-time government employees with a close working relationship for many years which terminated only because the decedent incurred a disabling heart condition a few months before the date of the will. All were well educated and highly trained men and the testator a reputed Phi Beta Kappa scholar. The will was signed nearly fifteen years before they were asked to recall the event. By nature of their employment, they were called upon to witness many documents. The will was meticulously drafted by the testator and obviously the product of much thought and preparation. Basically the difficulty on proof of execution results only from the witnesses being unable to specifically recall from their own independent recollection the fact of execution and not from any evidence on their part that there was no compliance with statutory requirements. Neither was

there evidence from other sources showing lack of compliance. In our opinion the inability of competent attesting witnesses to recall should not in itself destroy an otherwise valid testamentary disposition.

■ Accordingly, we hold there was a presumption of proper execution when the genuineness of the signatures of the testator and attesting witnesses had been proved which is prima facie sufficient to establish due execution of the will.

Reversed.

RENTTO and HANSON, JJ., concur.

BIEGELMEIER, J., and ROBERTS, P. J., dissent.

BIEGELMEIER, Judge (dissenting).

SDCL 29-2-6 states the requirements for execution of a will and, so far as pertinent here, provides:

"Every will * * * must be executed and attested as follows:

(1) It must be subscribed at the end thereof by the testator * * *

(2) The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them to have been made by him * * *

(3) The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will;

(4) There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will, at the testator's request and in his presence;".

This court has given considerable weight to commonly used attestation clauses signed by witnesses to wills. These opinions are sound. See In re Rowland's Estate, 70 S.D. 419, 18 N.W.2d 290; In re Ryan's Estate, 74 S.D. 359, 53 N.W.2d 11; in re Houda Estate, 76 S.D. 388, 79 N.W.2d 289; and Mahlman v. Kratzer, 80 S.D. 264, 122 N.W.2d 215. What was said in those and other opinions about presumptions, etc. and decided in those appeals must be considered as applying to the facts before the court—the presence of, and evidence in some cases of the reading of, a full attestation clause. The clause, in some cases, standing alone supplied facts of due execution of a will expressly certified to by a witness, which he thereafter did not recall or might even deny at the probate hearing. Our former opinions indicate by extensive discussion much reliance was given to the clause to support and validate wills when, as the majority opinion now concludes, there was no necessity of the clause at all. Neither these opinions nor statements therein where such clauses appear should be transposed to make up for absence of such a clause.

That the instrument at bar contains the genuine signatures of Farnsworth and two "witnesses" is not disputed, yet those two disinterested, intelligent co-workers and witnesses testified:

Mr. Parkes:

"Q Do you remember signing this at Mr. Farnsworth's request?

"A No, I do not.

＊ ＊ ＊ ＊ ＊ ＊

"Q ＊ ＊ ＊ did he (Farnsworth) sign this document in your presence?

"A I do not know."

Mr. Bucklin:

"I don't remember the details or circumstances. ＊ ＊ ＊ I can't specifically remember witnessing any wills ＊ ＊ ＊"

Mr. Bucklin had formerly worked at a desk next to deceased and it would seem that if he had been advised, or could see if it was a will at the time he signed his name (not an attestation clause but only as a witness) he would have remembered doing so for a co-worker.

It was on this evidence the court found Mr. Farnsworth did not sign the document or acknowledge his signature to it in the presence of—or to—the witnesses; that he did not declare to them that it was his will; nor that the witnesses signed it at his request.* These were for the trier of fact to determine (In re Ryan's Estate, supra) and not for this court. There is one added factor that may have influenced the trial court, that is, Mr. Farnsworth practically disinherited one of his children. That is his right and he does state reasons for it in this document, yet, because of it, this may have been the reason he wanted to draw it himself and keep it a secret until his death and not even divulge what he had signed to these witnesses—for had he so advised them, it would normally have aroused some inquiry or comment from them. In any event that was for the trier of fact. In our review we must draw all reasonable inferences in favor of the party prevailing in circuit court, the findings are presumptively correct and will not be disturbed unless there is a clear preponderance of the evidence against them. In re Rowland's Estate, supra; In re Zech's Estate, 69 S.D. 51, 6 N.W.2d 432; and In re Swanson's Estate, 79 S.D. 3, 107 N.W.2d 256.

It is not difficult to execute a will under our law, but the standard should not be relaxed to assume facts and evidence to fill the gaps that exist here. I would affirm.

---

* The court's findings were:

VI.

"That there is no evidence to show that Ex. 1-A was subscribed by the deceased in the presence of the attesting witnesses or acknowledged by the deceased to them to have been made by him or by his authority;

VII.

"That there is no testimony to show that at the time of subscribing or acknowledging Ex. 1-A that the deceased declared to the attesting witnesses that the instrument was his will;

VIII.

"That there is no proof that the purported attesting witnesses signed Ex. 1-A at the request of the deceased or in his presence;".