CASE, Appellant, v. GORDER, Respondent

(34 N. W.2d 175.)

(File No. 8971. Opinion filed October 11, 1948)

Sterling & Clark, of Redfield, for Appellant.

Van Slyke, Agor & Bantz, of Aberdeen, for Respondent.

HAYES, J. The appeal in this case is from a ruling of the trial court denying to plaintiff recovery upon his claim to a share of a commission received by defendant as a result of a sale of some Pierre hotel properties. Both parties litigant are real estate brokers. Assignments of error challenge rulings of the court in admitting and rejecting evidence offered at the trial and question the sufficiency of the evidence to sustain a decision and judgment in defendant's favor. As indicated, the parties waived trial by jury.

Plaintiff's complaint among other things alleged in substance a specific verbal agreement on the part of defendant to pay plaintiff a commission of $3000 in the event of a sale of said properties to one Hardy and further alleged that a sale to Hardy had been consummated and that defendant had received and then retained a commission of approximately $7500 on account of said sale. At the trial, upon application therefor and leave of court being granted, plaintiff amended his complaint to read that his services were performed at the agreed price and were of the reasonable value of $3000. Defendant's answer admitted the receipt of a commission for making said sale but denied that plaintiff had assisted in the transaction and denied also that defendant had agreed to pay plaintiff any part of the commission he expected to and did receive.

The record evidence establishes that at a time some months prior to the date when defendant contacted the owner of the Pierre hotels plaintiff had unsuccessfully sought to negotiate a sale of the properties to Hardy. Thereafter, and before plaintiff and defendant had conferred about a sale to the present holder, Hardy had in writing appointed· defendant his exclusive agent to secure properties in this state.

Plaintiff testified that defendant had agreed to pay him a commission of $3000 if a sale to Hardy should be made. In sharp conflict therewith is the testimony of defendant to the effect that when plaintiff first mentioned the matter of a commission defendant replied that he would pay plaintiff no commission as he was exclusive agent for Hardy in the purchase of properties in South Dakota. Other business dealings between these parties are described in the record but we fail to gather therefrom any facts which tend to cast clearer light upon the specific issue.

■ Appellant argues here that although a specific agreement between the parties was not found by the decision below the trial court was in error in refusing an allowance to him because his work and the value of his services to respondent were substantially equal to the sum appellant claimed under the alleged agreement. Bearing in mind the

fact that appellant's previous endeavors to effect a sale resulted in a refusal of the owner to deal, and the negotiations thereafter carried on by respondent as Hardy's agent, we confess inability to discern any legal basis for the imposition of liability upon respondent for these prior efforts in the absence of an express undertaking on his part to pay for services not rendered at his instance or request. No authorities are cited by appellant to lead us to some other conception of the law and we are not encouraged in the belief that we should follow them if such authorities could be found.

■■ The trial court elected to believe the testimony of defendant and we are in no position to determine that this choice was wrong. A careful reading of the testimony satisfies us that there was before the court competent evidence altogether sufficient to sustain the finding adverse to appellant's claim. We discover in this case no reason for a departure from the rule that findings of the trial court on conflicting testimony, unless against the clear preponderance of the evidence, will not be disturbed on appeal. Decisions of this court announcing continued adherence to this rule are collected in 2 Dakota Digest, Appeal and Error, Key 1011, 1012.

Due consideration of appellant's assignments of error relating to the admission and exclusion of evidence brings us to the conclusion that no substantial prejudice resulted by reason of the rulings called into question.

The findings and judgment are affirmed.

All the Judges concur.