[Civ. No. 16548.   Second Dist., Div. One.   Dec. 31, 1948.]

Estate of ODETTE GRAY, Deceased.   CLYDE W. GRAY, Appellant, v. SECURITY-FIRST NATIONAL BANK et al., Respondents.

Louis Naiditch and Theodore A. Chester for Appellant.

Haas & Home, Irwin T. Quinn, E. Llewellyn Overholt and Tanner, Odell & Taft for Respondents.

WILSON, J., assigned.—This is a proceeding to contest the last will of decedent, Odette Gray, who declared in her will that 22 years previously her husband had deserted her and their son, then 8 months of age, and that she had not heard from him in any manner thereafter.

A petition for the probate of the will was filed by the executor in 1944. Upon a hearing the petition was denied for the reason, as found by the court, that the executor had not made out a prima facie case. One of the heirs and devisees named in the will appealed from the order. The District Court of Appeal held that a prima facie case had been made out and reversed the order. (*Estate of Gray,* 75 Cal.App.2d 386 [171 P.2d 113].) Because there had been a failure to prove the signature at the end of the will to be that of decedent the trial court was directed to receive evidence as to the genuineness of the signature and to admit the will to probate unless it should be found that it was not in decedent's handwriting.

Upon the going down of the remittitur appellant Clyde W. Gray, alleging that at the time of decedent's death he was her husband and as such was entitled to inherit a portion of her

estate if the will should be denied probate, filed a contest thereto. The contest was on the grounds (1) that the signature at the end of the will was not that of the testatrix; (2) that she did not subscribe the will or acknowledge it to have been made by her in the presence of both of the attesting witnesses present at the same time; (3) that she did not declare to the attesting witnesses that the instrument was her will.

Upon the trial of the contest the court found that contestant's allegations were not true but on the contrary that (1) the signature appearing at the end of the will is the signature of decedent; (2) she acknowledged it to have been subscribed by her in the presence of the attesting witnesses present at the same time; (3) she declared to the attesting witnesses that the instrument was her will. The court made findings reciting the facts with reference to the hearing had in 1944 and the appeal therefrom; that contestant Clyde W. Gray, in opposition to the appeal and as a respondent therein filed briefs in support of the order denying probate of the will; that his contentions were the same as those pleaded in his contest now before this court; that the District Court of Appeal reversed the order denying probate with the directions above recited; that contestant filed a petition for rehearing and a petition for hearing in the Supreme Court, both of which were denied; that all the grounds of contest in the proceeding before the court, with the exception of the genuineness of decedent's signature, were determined by the District Court of Appeal; that all matters raised by the contest, with the exception noted, were res judicata. The court rendered judgment that the contest be denied and that contestant take nothing by reason thereof and entered an order admitting the will to probate. From this judgment and order contestant has appealed.

The first ground of contest, the genuineness of testatrix' signature at the end of the will, is disposed of by the testimony of an attorney, who had acted as her counsel for several years and knew her signature, that it was her signature. No evidence to the contrary was offered.

Contestant's first assignment of error is that the findings are inconsistent in that the trial court found that the matters determined by the District Court of Appeal were res judicata and at the same time made detailed findings of fact upon the same issues. Even if it be conceded, although we need not determine, that the court adopted inconsistent positions in finding that the issues raised by the contest were

res judicata and in making findings of fact on the same issues, there is no inconsistency in them since the findings with reference to the execution and acknowledgment of the will, the declarations of decedent and the signing by the witnesses, are in strict accord with the opinion rendered by the District Court of Appeal. The finding that the judgment of that court is res judicata as to appellant and as to his grounds of contest does not conflict with the findings upon the issues raised. If the judgment of the appellate court is res judicata the express findings with reference to the grounds of contest are unnecessary although they are responsive to contestant's allegations; if the rule of res judicata is not applicable the findings on the grounds of contest are proper and are sustained by the evidence.

Appellant contends that the findings upon the issues raised by the contest should be stricken in order that he be not precluded from filing a contest after probate. Section 380 of the Probate Code provides: ''When a will has been admitted to probate, any interested person, other than a party to a contest before probate,'' may within six months after probate file a contest to the probate or to the validity of the will. Since appellant has filed his contest before probate and has had a hearing thereon in the manner provided by law he would not be permitted by reason of section 380 to file another contest after probate. That section precludes just what appellant expresses his desire to do, to wit, by successive contests to prolong the proceedings and to postpone the probate of a will that has been found to be in all respects a valid disposition of decedent's estate.

Appellant contends that because his contest was not filed until after the return of the remittitur following the decision on the former appeal, and because he was not present and did not participate in the proceedings in 1944 upon the petition to probate the will, the decision of the District Court of Appeal is not res judicata. The records of this court upon the former appeal disclose that insofar as concerns the questions of law as applied to the evidence produced at the hearing in 1944, he submitted himself to the jurisdiction of the District Court of Appeal. After the appeal was taken he, through the same attorney who represents him on the instant appeal, describing himself as ''devisee and respondent,'' filed a motion to dismiss the appeal on the ground that appellant had failed to obtain the clerk's transcript within the time re-

quired by law. The motion was denied and appellants were relieved of their default. As "respondent" he filed a brief in support of the order of the trial court denying probate of the will, discussed the evidence, and cited authorities in support of his argument that the will was not executed in the manner required by section 50 of the Probate Code in that the evidence established that the will was not subscribed by the decedent in the presence of the witnesses and that decedent did not declare and acknowledge in the presence of both of the attesting witnesses present at the same time that the will was made by her, these being two of the grounds alleged by him in his present contest. Through the same counsel he joined in a stipulation to submit the appeal on the briefs on file. After the decision of the District Court of Appeal he filed a petition for a rehearing which was denied and he thereupon filed a petition for hearing by the Supreme Court which was also denied.

By his voluntary act appellant made himself a party to the appeal. (*Greif* v. *Dullea*, 66 Cal.App.2d 986, 992 [153 P. 2d 581].) Even though it be conceded that the issues decided on appeal are not res judicata as to appellant by reason of the fact that he had not appeared in the superior court prior to the appeal, yet, having made himself a party to the appeal, he is bound by the law established on that appeal as applicable to the facts in the record before the appellate court. Appellant admits in his brief, as he must, that the decision of that court is binding upon him to the extent "that the decision is the law of the case on the facts before the appellate court," but that it is binding only "upon the particular action or proceeding that was before the appellate court, to wit: The hearing on the petition for probate of a will as an uncontested proceeding." He contends (1) that the remittitur is controlling only as to the action that was before the appellate court, to wit: The making out of a prima facie case for the probate of the will; (2) that notwithstanding the decision of the appellate court he had a right to file his contest; (3) that the court had jurisdiction to hear any and all evidence concerning all the grounds of contest.

He has had all the rights and privileges for which he now contends. After the return of the remittitur to the superior court the petition for probate of the will was again set for hearing and appellant filed his contest thereto. The petition and the contest were set for hearing and the court heard the evidence.

When the matter was called for trial respondents objected to the introduction of any evidence concerning the grounds of contest, except on the question of decedent's signature, contending that the other two grounds had been determined adversely to contestant by the District Court of Appeal. Notwithstanding respondent's objections the court heard the evidence of Mrs. Florence Feld Loventhal (she was Florence Feld at the time of the previous hearing) who was called as a witness by the proponent of the will. She testified that on the day when she signed as a witness to the will Mrs. Gray called her on the telephone and said ''Come over, I want you to be a witness to my will.'' The witness replied she had to go to the market and Mrs. Gray said ''I will have everything ready for you when you come over, you sign, and then run to the market.'' The witness went directly to decedent's residence where she saw the other witness, Mary L. Krigbaum. Decedent said ''Here is the pen, sign, you are in a hurry.'' The witness said ''Let Mrs. Krigbaum sign first'' because she was an older person, ''and she signed, and I signed, and I grabbed my basket and went out.'' She was shown the will and identified the signatures as hers and Mrs. Krigbaum's, respectively, as having been written on the occasion above mentioned and identified the document as the one which was handed to her for signing. She saw Mrs. Krigbaum sign and the latter was ''right there'' when Mrs. Loventhal signed; decedent was in the same room. The will and a pen were on a coffee table. The will was opened to the page where she signed. Mrs. Loventhal did not see decedent sign. The latter did not say at the time what the document was, but over the telephone she said ''I want you and Mrs. Krigbaum to be witnesses to my will.'' The witness was not familiar with decedent's signature. After Mrs. Krigbaum signed the paper Mrs. Loventhal left the house. At the trial the attestation clause on the will was read to the witness and she testified that it was on the document when she signed it but she did not read it.

The other witness, Mary L. Krigbaum, died after the prior hearing.

No evidence was offered by contestant-appellant. The proof of due execution of the will at the trial of the contest is substantially the same as that presented at the hearing in 1944. The evidence given at that time by Mrs. Krigbaum, as related by the District Court of Appeal, is almost identical with that of Mrs. Feld-Loventhal at the trial of the contest and the

evidence of the latter at the previous hearing was the same as far as related in the opinion of the court. (See 75 Cal.App. 2d at pp. 388, 389, 391.) Furthermore, Mrs. Feld-Loventhal testified at the previous hearing that Mrs. Gray did not sign in the presence of the former; ''She asked me to sign it and handed the pen over to me''; she could not swear she saw Mrs. Gray's signature on the instrument at the time she signed it. (Pp. 388-9.) The court held (pp. 390-392) that there was a sufficient declaration by the testatrix to the attesting witnesses that the document was her will and a sufficient acknowledgment of her signature to meet the requirements of subdivisions 2 and 3 of section 50 of the Probate Code; that the signature of the testatrix and those of the subscribing witnesses gave rise to the presumption of due execution; that there was nothing in the evidence to overcome that presumption; that ''The actions of Mrs. Gray constituted an unequivocal acknowledgment and declaration that she was executing the document as her will . . . [T]here was not even a remote possibility that Mrs. Gray was doing or thought she was doing anything other than to execute her will.''

Since (1) appellant concedes that ''the decision of the Appellate Court is the law of the case on the facts before the Appellate Court,'' (2) the facts before that court are the same as those shown by the evidence offered at the trial of the contest, and (3) no new evidence was presented and no additional facts proved, the judgment of the District Court of Appeal is the law of the case and is binding on the appellant and on this court. Moreover, the cases cited in the opinion on the former appeal furnish ample authority for our independent conclusion that the findings are sustained by the evidence.

██ The declaration of decedent made over the telephone to the witnesses when she asked them to come to her home and witness her will coupled with her statement made to them only a few minutes later when they arrived in her room, ''Here is the pen, sign it,'' the document then lying on the coffee table in the presence of decedent and both witnesses, is a declaration sufficient to meet the requirements of subdivision 3 of section 50 of the Probate Code. (*Estate of Gray,* 75 Cal.App.2d 386, 390 [171 P.2d 113].) When decedent said ''Sign it'' we must presume that ''it'' was the will which she had requested her friends over the telephone to witness. It is enough if such declaration and the request that the witnesses signed it as such are unmistakably indicated to the witnesses

by the testator's conduct and actions even if there is no declaration in words to that effect. (*Estate of Silva,* 169 Cal. 116, 120 [145 P. 1015]; *Estate of Cullberg,* 169 Cal. 365, 368-9 [146 P. 888].) The statements, actions and conduct of decedent cannot be construed otherwise than that she declared to the witnesses that the document which she requested them to sign was her will and not some other document and that she requested them to sign as witnesses. In *Estate of Emden,* 87 Cal.App.2d 115 [196 P.2d 627, 630], there was no evidence that the decedent requested the witnesses to act or sign as such or that he at any time said that the document was his will. One of the witnesses testified he said he wanted her to sign a "document"; the other said he asked her whether she would sign a "paper" and have someone sign with her; nothing was said to indicate that the document signed by the witnesses was a will.

Appellant maintains that the evidence of Mrs. Loventhal that she did not read the attestation clause is new evidence, meaning evidence that was not before the court on the former hearing, and that her failure to read and know the contents of that clause destroys the presumption of due execution of the will. This contention has no support in the decisions of the courts of this state.

The presence of the attestation clause on the will and the proof of the genuineness of the signatures of the testatrix and the witnesses creates a presumption of due execution, acknowledgment and declaration of the will by the testatrix. However, there is no necessity that there be an attestation clause and even if the formal attestation clause be absent a will bearing the signature of the testatrix and two subscribing witnesses gives rise to a presumption of due execution and the presumption is evidence in the case. (*Estate of Stone,* 59 Cal.App.2d 263, 268 [138 P.2d 710]; *Estate of Pitcairn,* 6 Cal. 2d 730, 733-4 [59 P.2d 90]; *Estate of Tyler,* 121 Cal. 405, 409 [53 P. 928]; *Estate of Kent,* 161 Cal. 142, 147 [118 P. 523].) In the Pitcairn case one of the witnesses testified she was not in the room when the testatrix signed the will and that she was asked to sign a "piece of paper" without being told it was a will. The witness was adverse and of untrustworthy recollection. The court held that since the signatures of the testatrix and the subscribing witnesses were genuine the will was attested and that although it lacked a formal attestation clause and there had been a technical failure to comply with

the formalities of execution, the presumption of due execution nevertheless prevailed. In the Tyler case one witness was dead and the survivor could not remember whether the testatrix signed the will or acknowledged her signature to it in his presence or declared the document to be her will in the presence of the two attesting witnesses, but he did not testify that those things were not done. The court applied the presumption of due execution and sustained the order admitting the will to probate. In the instant case the attestation clause is on the will and the signatures of the testatrix and of both witnesses were proved to be genuine. There is no evidence in conflict with the presumption that the will was duly executed, declared and acknowledged in the manner required by section 50 of the Probate Code.

Appellant's plea for a modification of the findings by striking out either the finding of res judicata or the findings of fact with reference to the execution of the will in order that he may have his ''day in court,'' is answered by the fact that he has already had two days in court: (1) He participated in the former appeal in an effort to have the previous order of the court denying probate affirmed. The provisions of the statute relating to appeals furnish a method by which a party may have his day in court. The law of the case, by which he now concedes he is bound, was determined adversely to his contentions. (2) He filed his present contest to the probate of the will upon the trial of which the court determined the facts contrary to his grounds of contest and rendered judgment accordingly. Since both the law and the facts have been decided adversely to him there must be an end to the litigation.

Appellant's contention that the court erred in admitting the evidence of the attorney who had been counsel for decedent in her lifetime concerning the genuineness of her signature to the will is without merit. His argument is that section 372* of the Probate Code requires that when a will is contested the subscribing witnesses who are present

---

*Section 372. ''If the will is contested, all the subscribing witnesses who are present in the county, and who are of sound mind, must be produced and examined; and the death, absence, or insanity of any of them must be satisfactorily shown to the court. If none of the subscribing witnesses resides in the county, and the evidence of none of them can be produced, the court may admit the evidence of other witnesses to prove the due execution of the will; and, as evidence of the execution, it may admit proof of the handwriting of the testator and of any of the subscribing witnesses.''

in the county who are competent must be produced and examined and that the court may admit the evidence of other witnesses to prove the execution of the will only when none of the subscribing witnesses resides in the county. There is nothing in that section that limits the court to evidence of the subscribing witnesses. Others may be called when deemed necessary. A writing may be proved either by one who saw it executed or by evidence of the genuineness of the handwriting of the maker. (Code Civ. Proc., § 1940.) Where the only available witness to a will had but a vague recollection of the facts surrounding the execution of the will and could not remember whether the testatrix signed the instrument or acknowledged her signature or declared it to be her will in the presence of the subscribing witnesses, or whether she requested the witnesses to sign as attesting witnesses, other evidence was held to be admissible to prove the handwriting of the decedent and of a deceased witness. (*Estate of Tyler,* 121 Cal. 405 [53 P. 928].) Since in the instant proceeding one of the subscribing witnesses was dead at the time of the trial and the other did not see the testatrix append her signature to the will, evidence of a witness who was acquainted with decedent's handwriting was competent to prove her signature.

The judgment and the order admitting the will to probate are affirmed.

York, P. J., and White, J., concurred.